IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2012 Session

## IN RE:  LAYLA C.S.

**Appeal from the Chancery Court for Hamilton County**
**No. 10-A-059     Hon. W. Frank Brown, III., Chancellor**

**No. E2012-00392-COA-R3-PT-FILED-AUGUST 14, 2012**

Petitioner filed a Rule 60.02 motion to set aside a parental termination and adoption decree. The motion asked relief from the Judgment on the ground set forth in Tenn. R. Civ. P. 62.02(1) and (2).  The Trial Court held that petitioner did not establish a basis to set aside the Judgment on the grounds relied upon in the Rule 60.02 motion.  On appeal we affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL SWINEY, J., and  JOHN W. MCCLARTY, J., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellant, Carolyn Ferguson.

Leslie B. McWilliams, Chattanooga, Tennessee, for the appellees, Brenda Carolyn Fleming and Michael Paris Fleming.

## OPINION

The mother has appealed the Trial Court's refusal to grant Rule 60.02 relief from terminating her parental rights, and the Judgment of Adoption of the Child by the child's great-grandparents.

In the adoption proceeding, the Petition stated that the parents placed the child with

petitioners, and they have had custody of the child since 2009. They were given temporary legal custody on December 1, 2009, and permanent legal custody on July 21, 2010 by Order of the Hamilton County Juvenile Court. The Petition asked that the mother's parental rights be terminated on the ground that she abandoned the child, as defined by Tenn. Code Ann. §36-1-102(1)(A)(I) by willfully failing to visit the child and by willfully failing to support her or make reasonable payments for the support of the child for a period in excess of four consecutive months immediately preceding the filing of the petition.

The record shows that the process server on November 19, 2010, left the summons for appellant with Melanie Ferguson at 6775 Hickory Creek Road, Chattanooga, and his affidavit identifies Melanie Ferguson as appellant's "grandmother/roommate".

On December 22, 2010, petitioners filed motions for default judgment against appellant, and a certificate of service states that Caroline Ferguson was sent a copy of the motion at 6775 Hickory Creek Road, Chattanooga, Tennessee. A hearing was held on the motions for default and judgment was entered on January 3, 2011, finding that respondent was "personally served" on November 19, 2010 and had failed to plead or otherwise defend within the time prescribed by law. The Trial Court granted a Default Judgment against appellant and set an evidentiary hearing on January 26, 2011. A certificate of service in the record shows that an order was sent to both respondents at the Hickory Creek Road address.

A Final Decree of Adoption was entered on January 26, 201l.

On January 25, 2012, appellant filed a Motion pursuant to Tenn. R. Civ. P. 60.02 (1) and (2) to set aside the Final Order of Adoption. Appellant filed an affidavit that she was never personally served with a copy of the summons and complaint in this case, and was living with her grandmother, Melanie Ferguson, in the four months before entry of the final order and her grandmother handed her the documents attached to her affidavit [summons and letter addressed to her from petitioners' attorney ] on or about Christmas Day, 2010.

The motion to set aside the final order was heard on February 6, 2012 and the Trial Court denied the motion. The Trial Court, in his Memorandum Opinion, concluded that service of process was proper under Rule 4.04(1) of the Tenn. R. Civ. P.

The Trial Court cited the provisions of Tenn. R. Civ. P. 60.02 (1) and (2), relied on by appellant as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of adverse party . . . .

The Court stated that a Rule 60.02 motion is supposed to be made within one year of judgment or order and that Tenn. Code Ann. § 36-1-122(b)(2) also contains a one year period to attack the validity of an order of adoption and that Ms. Ferguson barely met these deadlines. The Court noted that Ms. Ferguson's affidavit showed no "mistake, inadvertence, surprise or excusable neglect", and thus Rule 60.01(1) did not apply. Nor did the affidavit allege "fraud, misrepresentation, or other misconduct of adverse party." The Court further noted that the default judgment against appellant on January 3, 2011, was over a year before she filed her Rule 60.02 motion. The Trial Court concluded that appellant had alleged no facts that would be a basis for setting aside the Final Decree of Adoption under Rule 60.02 (1) or (2) and the termination and adoption were justified and in the child's best interest, and the Motion to Set Aside the Final Order was denied.

Caroline Ferguson filed a Notice of Appeal on February 20, 2012. The issues presented for review are:

A.      Did the Trial Court abuse its discretion when it denied appellant's motion to vacate the January 26, 2011 order of termination of parental rights and adoption?

B.      Was the Trial Court's denial of appellant's motion to vacate the January 26, 2011 plain error?

This Court's review of a trial court's decision to grant or deny relief under Rule 60 is limited to whether the trial court abused its discretion. *Henry v. Goins,* 104 S.W.3d 475, 479 (Tenn.2003). The abuse of discretion standard requires this Court to consider whether the Trial Court "applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Id.*

Appellant's motion was made pursuant to Tenn. R. Civ. P. 60.02 (1) and (2). Her sole argument in support of the motion was that she was not properly served with the summons and complaint and that plaintiff's failure to effectuate proper service deprived her of her right to due process. Essentially her argument was not addressed to the grounds she raised in her motion, but rather to 60.02(3), that the Judgment is void. This Court generally will not consider an issue on appeal that has not been raised in the court below. *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006)(citing *Simpson v. Frontier Cmty. Credit Union,* 810 S.W.2d 147, 153 (Tenn.1991)). Appellant did not plead for relief under Tenn. Code

Civ. P. 60.02(3).[1]  Accordingly, we hold the Trial Court did not abuse its discretion in overruling the Rule 60 motion.  Moreover, the State has a strong public policy to uphold adoption decrees.  Tenn. Code Ann. §36-1-113(q) states:

> After the entry of the order terminating parental rights, no party to proceeding, nor anyone claiming under such party, may later question the validity of the termination proceeding by reason of any defect or irregularity therein, jurisdictional or otherwise, but shall be fully bound thereby, except based upon a timely appeal of the termination order as may be allowed by law; and in no event, for any reason, shall a termination of parental rights by overturned by any court or collaterally attacked by any person or entity after one (1) year from the date of the entry of the final order of termination. This provision is intended as a statute of repose.

The Judgment of the Trial Court is affirmed, and the cost of the appeal is assessed to Caroline Ferguson.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] In *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444, the court said:  "To set aside a judgment under Rule 60.02, the movant has the burden to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought."