IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 17, 2013 Session

## WILMA GRIFFIN v. CAMPBELL CLINIC, P.A.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002751-07      James F. Russell, Judge**

—————————————

**No. W2013-00471-COA-R3-CV - Filed July 31, 2013**

—————————————

**DISSENTING OPINION**

—————————————

ALAN E. HIGHERS, P.J., W.S., DISSENTING

Here we have yet another case from Shelby County involving the bond requirements for an appeal from general sessions court to circuit court. This Court squarely addressed this issue in *University Partners Development v. Bliss*, No. M2008-00020-COA-R3-CV, 2009 WL 112571 (Tenn. Ct. App. W.S. Jan. 14, 2009), a memorandum opinion, and we addressed it again in *Jacob v. Partee*, 389 S.W.3d 339 (Tenn. Ct. App. Aug. 10, 2012). Tennessee Code Annotated section 27-5-103 provides that "the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons." In both *Jacob* and *University Partners*, we held that the statute is unambiguous, and that an appellant who seeks to appeal from general sessions court to circuit court cannot satisfy the bond requirements of the statute by merely remitting payment of an initial filing fee. Payment of the initial filing fee, we explained, simply does not constitute giving "bond with good security" for "the cost of the cause on appeal." See Tenn. Code Ann. § 27-5-103. The Supreme Court denied permission to appeal in both Jacob and University Partners. An opinion from the Office of the Attorney General reached the same result. See Tenn. Op. Atty. Gen. No. 12-23 (Feb. 23, 2012).

In *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), a different panel of this Court reached an opposite conclusion, although two judges wrote separate concurring opinions. The

*Bernatsky* Court held that the statute *was* ambiguous, and therefore, that it was necessary to look to legislative history in order to interpret the meaning of the statute. Judge Stafford wrote separately because he disagreed with the majority regarding which language of section 27-5-103 was ambiguous. The *Bernatsky* Court purportedly overruled *Jacob* and *University Partners*, just two months after the Tennessee Supreme Court had denied permission to appeal in *Jacob*. The losing party in *Bernatsky* did not seek permission to appeal to the Supreme Court.

Since *Bernatsky* was filed, this Court has heard six other cases involving the same issue, and the majority has followed *Bernatsky*, without much discussion, in each of those. See *Fields v. Williams*, No. W2012-01949-COA-R3-CV, 2013 WL 1845450 (Tenn. Ct. App. Apr. 30, 2013) no perm. app. filed; *Moore v. Correct Care Solutions, LLC*, No. W2012-01387-COA-R3-CV, 2013 WL 1190821 (Tenn. Ct. App. Mar. 25, 2013) no perm. app. filed; *West v. AMISUB (SFH), Inc.*, No. W2012-00069-COA-R3-CV, 2013 WL 1183074 (Tenn. Ct. App. Mar. 21, 2013) no perm. app. filed; *Brown v. Shtaya*, No. W2012-00875-COA-R3-CV, 2013 WL 836949 (Tenn. Ct. App. Mar. 6, 2013) no perm. app. filed; *Andrews v. Clemmer*, No. W2012-00986-COA-R3-CV, 2013 WL 776073 (Tenn. Ct. App. Feb. 28, 2013) no perm. app. filed; *Meacham v. Starnes*, No. W2012-00192-COA-R3-CV, 2013 WL 760979 (Tenn. Ct. App. Feb. 27, 2013) no perm. app. filed. I filed dissenting opinions in *West*, *Brown*, and *Andrews*. Surprisingly, none of the litigants involved in these cases has attempted to appeal to the Tennessee Supreme Court.

Today, we have resolved yet another case involving this same issue, and the majority has again followed *Bernatsky*. All in all, this is our tenth case on this issue, and there are more cases of this same nature making their way through the initial stages of the appellate process. See, e.g., *Barnes v. Hamm*, No. W2011-02288-COA-R3-CV and *Bevels v. Tubbs*, No. W2012-02375-COA-R3-CV. Not surprisingly, in these cases, litigants are citing language from *Jacob* and *University Partners*, from the majority opinion in *Bernatsky*, from Judge Stafford's separate concurrence in *Bernatsky*, and from my dissenting opinions in subsequent cases.

I write separately today because I continue to agree with this Court's holding in *Jacob* and in *University Partners*, namely, that the statutory requirement of giving "bond with good security" for "the cost of the cause on appeal" is not satisfied by paying an initial filing fee. I find the statute unambiguous, and therefore, there is no need to attempt to discern legislative intent based upon the less than compelling legislative history of various statutory schemes relied upon by the majority in *Bernatsky*.

In any event, however, I encourage the Tennessee Supreme Court to consider this issue in order to definitively resolve the matter and to give clarity and guidance to all involved in these cases.


_____

ALAN E. HIGHERS, P.J. W.S.