# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 9, 2014 Session

## WILMA GRIFFIN v. CAMPBELL CLINIC, P.A.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. CT-002751-07    James F. Russell, Judge**

---

**No. W2013-00471-SC-R11-CV - Filed July 21, 2014**

---

The plaintiff filed a civil action in the general sessions court asserting a health care liability claim against the defendant. Following a trial, the general sessions court entered judgment in the defendant's favor. The next day, the plaintiff filed a notice of appeal and deposited $211.50 with the general sessions court clerk, which represents the amount of the standard court cost of $150 for an appeal to the circuit court required by Tennessee Code Annotated section 8-21-401(b)(1)(C)(i) plus state and local litigation taxes. The circuit court dismissed the plaintiff's appeal, concluding that it lacked subject matter jurisdiction because the plaintiff failed to file a bond "with good security . . . for the costs of the appeal" under Tennessee Code Annotated section 27-5-103. The Court of Appeals reversed the trial court's judgment, concluding that payment of the standard court cost is sufficient to perfect an appeal from the general sessions court to the circuit court. After a thorough review of the statutory scheme at issue, we conclude that the plaintiff's cash bond was sufficient to perfect her appeal to the circuit court. We therefore affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Appeals Affirmed; Case Remanded

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Jerry E. Mitchell and Kevin Baskette, Memphis, Tennessee, for the appellant, Campbell Clinic, P.A.

Louis P. Chiozza, Jr., and John W. Leach, Memphis, Tennessee, and Steven R. Walker, Oakland, Tennessee, for the appellee, Wilma Griffin.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; and Warren A. Jasper, Senior Counsel, for the appellee/intervenor, the State of Tennessee.

**OPINION**

I. Facts and Procedural History

On February 26, 2007, Wilma Griffin filed suit against Campbell Clinic, P.A. ("Campbell Clinic") in the General Sessions Court for Shelby County, Tennessee. In her civil warrant, Ms. Griffin alleged that Campbell Clinic provided substandard medical treatment to her on February 20, 2005, for which she sought compensatory damages up to the jurisdictional limit of $25,000.00. See Tenn. Code Ann. § 16-15-501(d)(1) (Supp. 2007) ("The jurisdiction of courts of general sessions, where they have been created, shall extend to the sum of twenty-five thousand dollars ($25,000) in all civil cases, both law and equity . . . .").

Following a bench trial on May 15, 2007, the general sessions court entered judgment in favor of Campbell Clinic. Ms. Griffin filed a notice of appeal the next day and deposited $211.50 with the general sessions court clerk, an amount that includes the standard court cost for an appeal to the circuit court plus state and local litigation taxes. See Tenn. Code Ann. § 8-21-401(b)(1)(C)(i) (Supp. 2007) (stating in part that "the clerk shall charge a standard court cost of one hundred fifty dollars ($150) at the institution of . . . [a]ppeals to the circuit . . . court from . . . general sessions court"). Campbell Clinic moved for a more definite statement, and Ms. Griffin responded by filing a complaint that stated with particularity the grounds giving rise to her cause of action. The parties continued to litigate the matter for the next five years.

On August 10, 2012, the Court of Appeals released its decision in Jacob v. Partee, 389 S.W.3d 339 (Tenn. Ct. App. 2012), perm. app. denied (Tenn. Dec. 12, 2012). In Jacob, the intermediate appellate court held that a party perfecting an appeal from the general sessions court to the circuit court must file an appeal bond in an amount sufficient to secure the yet-to-be-determined "cost of the cause on appeal." Id. at 343 (quoting Tenn. Code Ann. § 27-5-103(b) (2000)). Although the appealing parties in Jacob timely filed their notices of appeal and paid the standard court cost imposed by Tennessee Code Annotated section 8-21-401, neither of them filed an appeal bond. Id. at 341. The Jacob court therefore dismissed the case, concluding that the circuit court lacked subject matter jurisdiction over the appeal from the general sessions court. Id. at 344.

Approximately one month after the Court of Appeals released its decision in Jacob, Campbell Clinic moved to dismiss Ms. Griffin's case because she had failed to file a surety bond. In reliance on Jacob, the trial court granted Campbell Clinic's motion and dismissed Ms. Griffin's appeal for lack of subject matter jurisdiction. While Ms. Griffin's appeal was pending in the Court of Appeals, however, the Court of Appeals released its decision in Bernatsky v. Designer Baths & Kitchens, LLC, No. W2012-00803-COA-R3-CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), in which it overruled Jacob and held that payment of a cash bond in the amount of the standard court cost satisfied the bond requirements of Tennessee Code Annotated section 27-5-103. Id. at *19.

In this case, a majority of the panel in the Court of Appeals relied on Bernatsky and concluded that Ms. Griffin's payment of the standard court cost and litigation taxes satisfied the appeal bond requirement of Tennessee Code Annotated section 27-5-103.[1] Griffin v. Campbell Clinic, P.A., No. W2013-00471-COA-R3-CV, 2013 WL 3957488, at *2 (Tenn. Ct. App. July 31, 2013). The intermediate appellate court therefore reversed the trial court's dismissal of Ms. Griffin's case. Id. We granted Campbell Clinic permission to appeal.

## II. Analysis

Campbell Clinic maintains that Ms. Griffin's cash bond in the amount of $211.50 fails to satisfy Tennessee Code Annotated section 27-5-103, which requires an appealing party to "give bond with good security . . . for the costs of the appeal." Tenn. Code Ann. § 27-5-103(a). Instead, Campbell Clinic insists that Tennessee Code Annotated section 27-5-103 requires an appealing party to file a surety bond in an unlimited amount because the "costs" in a given case cannot be determined until the case has been concluded. Campbell Clinic therefore argues that Ms. Griffin's failure to file a surety bond deprives the circuit court of subject matter jurisdiction over her appeal.

---

[1] In addition to this case, the Court of Appeals has heard a number of appeals that raise the issue presented in Jacob and Bernatsky. In each of those cases, the intermediate appellate court applied its holding in Bernatsky. See, e.g., Bevels v. Tubbs, No. W2012-02375-COA-R3-CV, 2013 WL 6212222, at *6 (Tenn. Ct. App. Nov. 27, 2013); Fields v. Williams, No. W2012-01949-COA-R3-CV, 2013 WL 1845450, at *2 (Tenn. Ct. App. Apr. 30, 2013); Moore v. Correct Care Solutions, LLC, No. W2012-01387-COA-R3-CV, 2013 WL 1190821, at *4 (Tenn. Ct. App. Mar. 25, 2013); West v. AMISUB (SFH), Inc., No. W2012-00069-COA-R3-CV, 2013 WL 1183074, at *3 (Tenn. Ct. App. Mar. 21, 2013); Brown v. Shtaya, No. W2012-00875-COA-R3-CV, 2013 WL 836949, at *7 (Tenn. Ct. App. Mar. 6, 2013); Andrews v. Clemmer, No. W2012-00986-COA-R3-CV, 2013 WL 776073, at *3-4 (Tenn. Ct. App. Feb. 28, 2013); Meacham v. Starnes, No. W2012-00192-COA-R3-CV, 2013 WL 760979, at *3-4 (Tenn. Ct. App. Feb. 27, 2013). Notably, all of these appeals arise from cases filed in Shelby County.

Subject matter jurisdiction concerns a court's "lawful authority to adjudicate a controversy brought before it" and is conferred on a court by statute or the constitution. Johnson v. Hopkins, No. M2012-02468-SC-S09-CV, ___ S.W.3d ___, ___, 2013 WL 6699490, at *2 (Tenn. Dec. 19, 2013). Tennessee Code Annotated section 16-10-112 (1994) confers on the circuit court "appellate jurisdiction of all suits and actions, of whatsoever nature, unless otherwise provided, instituted before any inferior jurisdiction, whether brought by appeal, certiorari, or in any other manner prescribed by law."

Ms. Griffin's circuit court action was "brought by appeal." See id. Appeals from the general sessions court to the circuit court are governed by Tennessee Code Annotated sections 27-5-101 to -107 (2000), -108 (Supp. 2007). Section 108(a) states that "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." (Emphasis added.) The relevant "provision" of chapter five in this case is Tennessee Code Annotated section 27-5-103 and its requirement that an appealing party file a bond for costs of the appeal. Accordingly, filing a bond within the ten-day period is a condition precedent to the timely perfection of an appeal. See Love v. Coll. Level Assessment Servs. Inc., 928 S.W.2d 36, 38 (Tenn. 1996) (recognizing that an appellant's obligation to timely perfect her appeal from the general sessions court is "mandatory . . . and if it is not complied with[,] the [circuit] court has no jurisdiction"); see also City of Red Boiling Springs v. Whitley, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) ("The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it.").[2] If the appeal is not perfected within the ten-day period, the general sessions court's judgment becomes final and execution may issue. Tenn. Code Ann. § 27-5-108(d).

The circuit court's jurisdiction in this case depends on our interpretation of Tennessee Code Annotated section 27-5-103. When construing a statute, our sole purpose is to

---

[2] We acknowledge, however, that this Court has previously held that "when it appears that an appeal was prayed and granted from the judgment of a Justice of the Peace, within the time prescribed by law, the mere fact that the appeal bond was executed afterward, if accepted and filed by the Justice will not vitiate the appeal." McCarver v. Jenkins, 49 Tenn. 629, 634 (Tenn. 1870). But see Poindexter v. Cannon, 2 Shannon 290, 291 (Tenn. 1877) (limiting McCarver to its facts because permitting justices of the peace to extend the time for filing an appeal bond "would be liable to great abuses"); Howard v. Long, 71 Tenn. 207, 210 (Tenn. 1879) (stating that "[i]f [Poindexter] does not in effect overrule . . . McCarver v. Jenkins, it at least confines it to very narrow limits."). Notably, McCarver preceded the enactment of Tennessee Code Annotated section 27-5-108 and its requirement that the appealing party "comply[]" with the provisions of chapter 5 to perfect an appeal. See Shannon's Code § 3140 (1858) (limiting time for an appeal to two days, Sundays excluded, from the date on which the justice of the peace entered judgment). To the extent that McCarver is inconsistent with our opinion in this case, it is expressly overruled.

-4-

ascertain and give effect to the legislature's intent. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). In doing so, we must first attempt to discern legislative intent purely from "the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." Hawks v. City of Westmoreland, 960 S.W.2d 10, 16 (Tenn. 1997) (emphasis omitted). Therefore, when the statute at issue is clear and unambiguous, we are compelled to apply the "plain meaning in its normal and accepted use . . . ." Eastman, 151 S.W.3d at 507.

We do not read statutes in isolation and are required to construe them "as a whole, read them in conjunction with their surrounding parts, and view them consistently with the legislative purpose." Kradel v. Piper Indus., Inc., 60 S.W.3d 744, 750 (Tenn. 2001) (quoting State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995)). Statutes relating to the same subject or sharing a common purpose must be construed in a manner that "advance[s] their common purpose or intent." Carver v. Citizen Utils. Co., 954 S.W.2d 34, 35 (Tenn.1997) (citing Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994)). Our ultimate goal is to select "a reasonable construction [that] avoids statutory conflict and provides for harmonious operation of the laws." Id. (citing Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995) and Epstein v. State, 366 S.W.2d 914, 918 (Tenn. 1963)).

Consistent with our ordinary canons of statutory construction, we begin our analysis by examining the plain language of Tennessee Code Annotated section 27-5-103, which states:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take oath for poor persons.

> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

After reviewing the plain language of the statute, we disagree with the Court of Appeals' conclusion that Tennessee Code Annotated section 27-5-103 is ambiguous. In Bernatsky, a majority of the panel concluded that the phrase "as hereinafter provided" renders section 103 ambiguous. Bernatsky, 2013 WL 593911, at *6. This, in our view, was error. The phrase "as hereinafter provided" obviously modifies "good security." See Tenn. Code Ann. § 27-5-103(a). As subsection (b) explains, a bond provides the "good security" required by subsection (a) when "it secures the cost of the cause on appeal." Tenn. Code Ann. § 27-5-103. In short, subsection (a) imposes the bond and subsection (b) defines it.

Citing Judge Stafford's reasoning in his concurring opinion, the majority in Bernatsky also concluded that the phrase "costs of the appeal" renders Tennessee Code Annotated section 27-5-103 ambiguous because it "may refer to the costs of the entire appeal taxed at the conclusion of the litigation . . . *or* it may simply refer to a 'fee' charged by the court to commence litigation." 2013 WL 593911, at *6. We disagree.

"Costs," also called "court costs," are commonly defined as "[t]he charges or fees taxed by the court, such as filing fees, jury fees, courthouse fees, and reporter fees." Black's Law Dictionary 398 (9th ed. 2009). The "costs" taxable in any case in Tennessee are created by statute and include, among other fees, the filing fees established by Tennessee Code Annotated section 8-21-401 and the state and local litigation taxes reflected in statutes and private acts enacted by the General Assembly. See, e.g., Tenn. Code Ann. § 67-4-601(b)(1) (2013) (permitting counties to levy a local litigation tax that "shall not exceed ten dollars"); id. § 67-4-602(b) (2013) (imposing "a privilege tax of twenty-three dollars and seventy-five cents . . . in all civil cases in this state in chancery court, circuit court, probate court, [and] general sessions court . . . when exercising state court jurisdiction"); id. § 16-15-5006(a) (2009 & Supp. 2013) (authorizing counties to impose an additional litigation tax of $6.00 in civil cases filed in the general sessions court). The standard court costs of Tennessee Code Annotated section 8-21-401 are "chargeable and may be collected at the time the services are requested from the clerk . . . ." Tenn. Code Ann. § 8-21-401(a) (Supp. 2007). Similarly, litigation taxes must be paid "[u]pon the filing in any civil action of an appeal, or of an appeal . . . from one court to another . . . ." Tenn. Code Ann. § 67-4-603(a)(3).

Aside from the standard court cost of $150 for appeals to the circuit court, Tennessee Code Annotated section 8-21-401(i) provides a list of other costs that are taxable "in all courts . . . and may be charged in addition to the fees for cases listed in this section." See, e.g., Tenn. Code Ann. § 8-21-401(i)(2) (permitting the clerk to charge $6.00 to issue a subpoena); id. § 8-21-401(i)(3)(A) (permitting the clerk to charge $5.00 for each requested continuance). Accordingly, the word "costs" in Tennessee Code Annotated section 27-5-103 clearly refers to the panoply of charges imposed by the General Assembly.

Although we have concluded that Tennessee Code Annotated section 27-5-103 is unambiguous, we are nevertheless unpersuaded by Campbell Clinic's assertions that a surety bond in an unlimited amount is required. First, the word "surety" appears nowhere in the plain language of Tennessee Code Annotated section 27-5-103. Instead, the statute merely states that the appealing party must file an "appeal bond" or execute a pauper's oath before the appeal can be granted. Id. An "appeal bond" is commonly defined as "[a] bond that an appellate court may require from an appellant in a civil case to ensure payment of the costs on appeal." Black's Law Dictionary 200 (9th ed. 2009). Although surety bonds are routinely filed as "appeal bonds," cash payments made directly to the clerk of the court are also

sufficient. <u>See, e.g.</u>, Tenn. R. App. P. 6 advisory commission cmt. (stating that a $1000 "cash bond" satisfies the requirement in Rule 6(a) that "in all civil actions[,] a bond for costs on appeal shall be filed by the appellant in the trial court with the notice of appeal").

Additionally, although we agree with Campbell Clinic that the amount of court costs taxed in a given case cannot be determined until the case has been concluded, nothing in the statute requires that the bond be in an unlimited amount. <u>See</u> Tenn. Code Ann. § 27-5-103. Instead, the plain language of subsection (b) discusses the "sufficien[cy]" of an appeal bond, which would never be an issue if the statute required a bond in an unlimited amount. Furthermore, Tennessee Code Annotated section 20-12-123 (2009) makes clear that in appeals from the general sessions court, the circuit court may, on motion, require the appealing party to provide "further security in the circuit court, to which the cause may be taken for the correction of errors." Because the Code provides a mechanism for seeking "additional security," we find no merit in Campbell Clinic's argument that the initial bond must be in an unlimited amount. If, however, Campbell Clinic is dissatisfied with the amount of Ms. Griffin's posted security, it may move the circuit court to order that she provide additional security.[3]

In sum, because the statute expresses no limitation as to the type of bond required, we are unable to conclude that only a surety bond in an unlimited amount provides the "good security" required by Tennessee Code Annotated section 27-5-103(a). Campbell Clinic does not dispute the timeliness of Ms. Griffin's cash bond or her notice of appeal. We therefore conclude that the circuit court acquired subject matter jurisdiction over Ms. Griffin's appeal on May 16, 2007. The judgment of the Court of Appeals is affirmed, and Ms. Griffin's case is remanded to the trial court for further proceedings.

## III. Conclusion

We conclude that a cash bond is sufficient to satisfy the appeal bond requirement of Tennessee Code Annotated section 27-5-103. We therefore affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings. The costs of this appeal are taxed to Campbell Clinic, P.A., and its surety, for which execution may issue if necessary.

JANICE M. HOLDER, JUSTICE

---

[3] In fact, after Ms. Griffin's timely appeal and before Campbell Clinic moved to dismiss, Ms. Griffin's attorneys filed as sureties a bond in the circuit court "for the payment of $500.00 [s]urety costs."

-7-