IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 17, 2016 Session

## CRYE-LEIKE PROPERTY MANAGEMENT, ET AL. v. NEDRA DALTON

**Appeal from the Circuit Court for Shelby County**
**No. CT00399315    Robert Samual Weiss, Judge**

_____

**No. W2015-02437-COA-R3-CV – Filed September 12, 2016**

_____

This is a forcible entry and detainer warrant case. The General Sessions Court for Shelby County entered a default judgment against the Appellant/tenant and granted an order for immediate possession in favor of the property manager and the landlord, Appellees. The Appellant filed a notice of appeal to the Circuit Court for Shelby County, using a pauper's oath in lieu of an appeal bond.  The Circuit Court for Shelby County dismissed the appeal, finding that Appellant failed to perfect the appeal because she did not post a possession bond although she retained possession of the property. We affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., and DAVID R. FARMER, SP. J., joined.

Nedra Dalton, Cordova, Tennessee, Appellant, *Pro Se*.

Derek Evan Whitlock, Memphis, Tennessee, for the appellees, Crye-Leike Property Management, Inc. and FREO Tennessee, LLC.

## OPINION

### I. Background

At all relevant times, Crye-Leike Property Management, Inc. ("Crye-Leike") was the acting property manager for FREO Tennessee, LLC ("FREO," and together with Crye-Leike,

"Appellees"). [1] FREO purchased the property at issue at a foreclosure sale on February 26, 2015. The substitute trustee's deed was filed in Shelby County on March 13, 2015. At the time of the foreclosure, Nedra Dalton ("Appellant") was the tenant. [2] After the foreclosure sale, Crye-Leike unsuccessfully attempted to have Ms. Dalton either sign a new lease (at a monthly rental of $1,150), or surrender possession of the property. Appellant did neither. It is undisputed that Appellant never paid the Appellees any rent for the use of the property.

On July 29, 2015, Crye-Leike filed a forcible entry and detainer action in the General Sessions Court for Shelby County. Crye-Leike received a judgment for possession on September 3, 2015. On the same day, Appellant filed an appeal to the Circuit Court for Shelby County (the "trial court"). In lieu of an appeal bond, Appellant filed a pauper's oath and uniform civil affidavit of indigence (collectively, the "pauper's oath"). On October 7, 2015, Crye-Leike moved for immediate possession of the property, stating that, "as required by Tennessee Code Annotated § 29-18-130, [Ms. Dalton] failed to provide one year's worth o[f] rent as bond in relation to the judgment of possession." On October 16, 2015, the trial court issued a writ of possession for the premises. On October 20, 2015, Appellant filed a petition for temporary injunctive relief to stop Appellees' execution on the writ of possession. The trial court granted Appellees' motion and stayed the writ for immediate possession until December 4, 2015, "in order for [Ms. Dalton] to meet the bond requirements," as required by Tennessee Code Annotated Section 29-18-130.

At the hearing on December 4, 2015, Appellant appeared but did not provide the possession bond. There is no transcript of the December 4, 2015 hearing in the appellate record; however, the Tennessee Rule of Appellate Procedure 24(c) statement of the evidence provides that Appellant "appeared in Court, with a stack of bills, which she implied was the $13,800.00. When questioned by the Court, she advised that she changed her mind, that she would not post the bond, and that she would not move out of the property." Thus, the trial court found that Appellant, "having failed to post a bond as required by Tenn. Code Ann. § 29-18-130," had not perfected her appeal of the detainer warrant. The trial court dismissed the appeal and remanded the case to the general sessions court. However, the trial court stayed execution of the judgment until December 18, 2015. Ms. Dalton appeals.

---

[1] There is dispute in the record as to the proper name for Appellee Crye-Leike. The caption of the complaint refers to Appellee as "Crye-Leike Property Management, Inc.," but the text of the pleading refers to Appellee as "Crye-Leike Property Management, LLC." For consistency, we will use the spelling set out on the caption of the complaint, i.e., Crye-Leike Property Management, Inc. We also note that there is discrepancy in the record as to the spelling of Appellee FREO Tennessee, LLC. It is spelled both "FREO" and "FRECO." For purposes of this appeal, we will use the spelling set out in the complaint, i.e., "FREO Tennessee, LLC."

[2] There is dispute in the record as to Ms. Dalton's proper name. The caption and text of the pleadings filed in general sessions court and circuit court refer to Ms. Dalton as "Nedra Dalton." However, after filing her appeal to this Court, Ms. Dalton began signing her name "Nedra Dalton/Drayton." For purposes of this appeal, we will use the spelling set out in the Appellant's notice of appeal to the circuit court, i.e., "Nedra Dalton."

## II.  Issues

Ms. Dalton raises the following issues for review as stated in her brief:

1. Whether the circuit erred in not upholding the pauper's oath in lieu of appeal bond under Tennessee Code Annotated section 27-5-103 or Tennessee Rule of Appellate Procedure 18?

2. Whether the circuit court erred in dismissing the Appellant's motion for temporary injunction, pursuant to Tennessee Rule of Civil Procedure 65.04, consequently denying a Fourteenth Amendment right to hearing?

## III.  Standard of Review

We first note that, while we are cognizant of the fact that Appellant represented herself throughout these proceedings, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).  This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Turning to the standard of review, because this case was tried by the court sitting without a jury, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates against those findings. *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013); *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). For the evidence to preponderate against a trial court's finding of fact, the weight of the evidence must "demonstrate… that a finding of fact other than the one found by the trial court is more probably true." *Williams v. City of Burns*, 465 S.W.3d 96, 108 (Tenn. 2015); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).  This Court conducts a *de novo* review of the trial court's resolutions of question of law, with no presumption of correctness.  *Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

## IV. Analysis

The crux of Ms. Dalton's issues is whether the trial court erred in finding that Ms. Dalton's appeal was not perfected because she failed to post the possession bond pursuant to Tennessee Code Annotated Section 29-18-130. A forcible entry and detainer warrant for possession is a statutory action that may be brought by the landlord in the general sessions court of the county where the tenant "willfully and without force, holds over possession from the land, or the assignee of the remainder or reversion." Tenn. Code Ann. § 29-18-104; *Johnson v. Hopkins*, 432 S.W.3d 840, 844 (Tenn. 2013). If the general sessions court finds in favor of the landlord, "the judge of the court of general sessions trying the cause shall be authorized… [to] render judgment therefor[e] if the judge's judgment shall be that the plaintiff recover possession." Tenn. Code Ann. § 29-18-125 (2012). After the judgment is rendered, a writ of possession may not be issued against the defendant until ten days have elapsed to allow for the tenant to appeal the judgment of the general sessions court. Tenn. Code Ann. §§ 29-18-126, -128 (2012).

Additionally, the statute requires the appealing party to post a possession bond to stay the writ of possession pending the appeal. Specifically, Tennessee Code Annotated Section 29-18-130(b)(2) requires the tenant to

> execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

Tenn. Code Ann. § 29-18-130(b)(2) (2012).

The Tennessee Supreme Court recently interpreted the statutory possession bond requirement in *Johnson v. Hopkins*, 432 S.W.3d 840 (Tenn. 2013). The Court differentiated between the possession bond and the cost bond under Tennessee Code Annotated Section 27-5-103(a).[3] Specifically, the Court noted that the Section 27-5-103(a) cost bond "is always

---

[3] The cost bond under Section 27-5-103 is referred to by various names, such as an "appeal bond," a "cost bond," or an "appeal bond for costs." *See Johnson*, 432 S.W.3d at 849 (using the term a "cost bond"); *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at *3 (Tenn. Ct. App. Feb. 15, 2013) (using the term an "appeal bond") (citing *Jacob v. Partee*, 389 S.W.3d 339, 342-43 (Tenn. Ct. App. 2012) (using the term an "appeal bond")); *Carter v. Batts*, 373 S.W.3d 547, 550-51 (Tenn. Ct. App. 2011) (referring to the terms an "appeal bond" and a "cost bond" interchangeably); *Sturgis v. Thompson*, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at *3 (Tenn. Ct. App. June 13, 2011) (using the terms an "appeal bond" and a "cost bond" interchangeably); *Discover Bank v. McCullough*, No. M2006-

required of a party seeking to appeal from general sessions to circuit court. This bond requirement is not merely a formality but rather a necessity; without it, the appeal cannot be perfected." ***Id.*** at 849-50; *see also* ***Bernatsky v. Designer Baths & Kitchens, LLC***, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at \*19 (Tenn. Ct. App. Feb. 15, 2013) (concluding that "[t]he requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it"); ***City of Red Boiling Springs v. Whitley***, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989). However, the ***Johnson*** Court held that the possession bond requirement (Tenn. Code Ann. § 29-18-130(b)(2)), unlike the cost bond (Tenn. Code Ann. § 27-5-103(a)), "is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal." ***Johnson***, 432 S.W.3d at 848. The Court concluded that Section 29-18-130(b)(2) requires a tenant to post a bond equal to one year's rent when the tenant retains possession of the property and seeks to stay the execution of a landlord's writ of possession. Specifically, the Court clarified that the possession bond, under Section 29-18-130(b)(2), only applies in situations where

> the tenant has retained possession of the premises…. Tennessee Code Annotated section 29-18-130(b)(2) prescribes the non-jurisdictional appeal bond required only of a tenant who has retained possession of the premises and wishes to stay execution of a landlord's writ of possession pending appeal. This statute does not apply to a tenant who has surrendered possession of the premises at issue prior to an appeal of an adverse judgment.

***Id.*** at 849-50.

In this case, Appellant sought both to retain possession and to avoid posting the possession bond requirement of one year's rent. This she cannot do. Appellant argues that her appeal from the general sessions court to the circuit court was perfected by filing a pauper's oath and that the possession bond under Section 29-18-130(b)(2) was not required in order for her to maintain possession of the property. Ostensibly, she claims that the trial

---

01272-COA-R3-CV, 2008 WL 245976, at \*6 (Tenn. Ct. App. Jan. 29, 2007) (using the terms an "appeal bond" and a "cost bond" interchangeably); ***Patterson v. Carr***, No. 3048, 1988 WL 138202, at \*1 (Tenn. Ct. App. Dec. 27, 1988) (using the term an "appeal bond for costs")). The variation in terminology is most likely a result of the language of the statute itself, which provides:

> (a) Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the costs of the appeal, or take the oath for poor persons.
> (b) An appeal bond filed by a plaintiff or defendant pursuant to this chapter shall be considered sufficient if it secures the cost of the cause on appeal.

Tenn. Code Ann. § 27-5-103 (2007). For purposes of this appeal, we will use the term "appeal bond."

court failed to uphold her pauper's oath and denied her property rights without due process by requiring the possession bond in addition to the pauper's oath.

As discussed above, following the holding in **Johnson**, Tennessee law clearly requires a tenant, who seeks to retain possession of a property during an unlawful entry and detainer appeal, to post a possession bond in the amount of one year's rent. **Johnson**, 432 S.W.3d at 850. As this Court previously stated, "[i]mpoverished tenants may appeal the result in an unlawful detainer action on a pauper's oath. What they may not do is to retain possession of the premises during the appellate process without posting bond." **Johnson v. Hayden**, No. 03A01-9212-CV-00456, 1993 WL 155681, at *1 (Tenn. Ct. App. May 13, 1993). "In cases where a litigant does not have the financial resources to post bond in the amount… [of] the value of one year's rent, if the party 'is willing to surrender possession pending the litigation in the higher courts, there is a remedy by appeal which may be obtained on the pauper oath.'" **Pledged Prop. II, LLC v. Morris**, No. W2012-01389-COA-R3-CV, 2013 WL 1558318, at *4 (Tenn. Ct. App. Apr. 15, 2013) (quoting **Newport Hous. Auth. v. Ballard**, 839 S.W.2d 86, 90 (Tenn. 1992); **Ammons v. Coker**, 124 Tenn. 676, 681, 139 S.W. 732, 733 (Tenn. 1911)).

In this case, Appellant met the requirement of the jurisdictional cost bond for appeal to the circuit court under Tennessee Code Annotated Section 27-5-103(a) by filing a pauper's oath. *See, e.g.*, **Sturgis v. Thompson**, 415 S.W.3d 843, 846 (Tenn. Ct. App. 2011) (stating that "the timely filing of a notice of appeal is not the only prerequisite for perfecting a *de novo* appeal to circuit court from the general sessions court…. A *de novo* appeal to circuit court is perfected only after both the notice of appeal and the appeal bond or affidavit of indigency has been filed"); **Discover Bank v. McCullough**, No. M2006-01272-COA-R3-CV, 2008 WL 245976 at *8 (Tenn. Ct. App. 2008) ("[t]he only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a de novo appeal"). Had Ms. Dalton relinquished possession of the property, the appeal bond under Section 27-5-103 would have been sufficient to perfect her appeal. However, because Ms. Dalton retained possession of the property, she was also required to post a possession bond. Tenn. Code Ann. 29-18-130(b)(2). In the absence of the possession bond, Appellant's appeal was not perfected, and the trial court properly dismissed her appeal.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the circuit court. The case is remanded for such other proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Nedra Dalton. Because Ms. Dalton is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE