IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 2, 2025

## AARON CREGATI v. BREANNA NICOLE PETET

**Appeal from the Chancery Court for Hamilton County**
No. 22-0658    Pamela A. Fleenor, Chancellor
_____

## No. E2024-01686-COA-R3-CV
_____

This appeal concerns the trial court's granting of a petition to extend an order of protection for ten years after finding that the respondent violated the original order of protection multiple times and failed to appear for hearings throughout the litigation. Because none of the issues the appellant raises were raised in the trial court, we dismiss the appeal. Pursuant to Tennessee Code Annotated section 36-3-617(a)(1), we award the appellee's reasonable attorney fees and costs incurred in defending the appeal and remand for calculation of the amount.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Aaron Cregati, Capitol Heights, Maryland, pro se appellant.

Christian Nicole Benjamin, Chattanooga, Tennessee, for the appellee, Breanna Nicole Petet.

## OPINION

### I.    BACKGROUND

This action began on September 8, 2022, when Christy Malone petitioned the Hamilton County Chancery Court ("trial court") to enter an order of protection on behalf of her minor child, Breanna Nicole Petet ("Petitioner"). Petitioner was pregnant and was seventeen years old at the time. She alleged that Aaron Cregati ("Appellant"), who was twenty-one years old at the time, had stalked her for weeks. She alleged that he was the child's father. The allegations in the petition included that Appellant showed up to

Petitioner's school to harass her, showed up at her family's home to fight her cousin, threatened to reveal her personal health information to her friends, threatened to take custody of her unborn child, threatened to call child protective services to cause trouble, and contacted Petitioner and her mother through multiple social media accounts and another telephone number after they blocked him on social media platforms. The trial court entered an ex parte temporary order of protection the same day. The order included a notice that the temporary order of protection would be heard on September 22, 2022, and warned Appellant, "If you do not agree with these orders, go to the court hearing and tell the court why. If you do not go, the court can make orders against you." Appellant was personally served with the petition, notice of hearing, and the ex parte temporary order of protection on the afternoon of September 9, 2022.

Petitioner and her mother testified at the September 22 hearing. Appellant failed to attend. Following the hearing, the trial court entered the order of protection for one year, until September 22, 2023. The trial court found both Petitioner and her mother to be credible witnesses. The court found that their testimony corroborated the allegations in the petition, namely, that Appellant threatened to abuse and stalked Petitioner. The court noted that Appellant failed to appear and ordered that he stay away from Petitioner and have no contact with her. Appellant was personally served the September 22, 2022 order of protection.

On October 5, 2022, Appellant moved to dismiss or vacate the order of protection. Along with the motion, he filed a lengthy narrative explaining his side of the story and detailing matters outside the scope of the order of protection. The trial court determined that Appellant's motion to vacate the order of protection was a Tennessee Rule of Civil Procedure 59 motion to alter or amend and held a hearing on November 8, 2022. Petitioner and Appellant attended the hearing. Appellant testified. By order entered the same day, the trial court denied Appellant's motion with prejudice, finding that his testimony was not credible and finding no reason to set aside the order of protection. Referencing the standard for Rule 59 motions, the court concluded that Appellant did not claim that controlling law had changed since the order of protection was entered or that previously unavailable evidence had surfaced. Rather, the trial court determined that Appellant's motion was an admission of statutory rape of Petitioner and an attempt to "relitigate matters that were previously adjudicated when he chose not to appear." The court found that Appellant was "only concerned about his inability to possess firearms" following entry of the order of protection.

On September 8, 2023, Petitioner moved to extend the order of protection for another year. She alleged that Appellant continued to contact her through various social media accounts and anonymous telephone numbers. She further alleged that she was "still scared of" Appellant because he posted harassing messages directed at her, the baby, and their "situation in court." The motion was set for a September 18, 2023 hearing. Petitioner attended with counsel. Appellant failed to attend. The trial court entered the extended

order of protection until September 18, 2024, on September 20, 2023, nunc pro tunc to September 18, 2023. A copy of the extended order of protection was mailed to the parties on September 20, 2023. A Hamilton County Sheriff's Department deputy attempted to personally serve Appellant with the extended order of protection on September 21, 2023. Appellant was not found. A new resident stated Appellant did not live at that location anymore.

On September 17, 2024, Petitioner again moved to extend the order of protection, this time for a requested ten years, based on allegations that Appellant had continued to contact her multiple times, in violation of the court's orders, and that she was "terrified of him." Petitioner alleged that she was "not comfortable with the idea of him having freedom to contact [her]." Appellant was served both the motion and the notice of the October 7, 2024 hearing on the motion. This hearing was continued until October 21, 2024. Petitioner appeared with counsel and testified, but Appellant again failed to attend the hearing. In his brief, Appellant states that, "at the weeks prior to and after the hearing, [he] was temporarily located in the state of Maryland." On October 21, 2024, the trial court ordered that the order of protection be extended for ten years. A deputy clerk certified that she mailed a copy of the order extending the order of protection to the parties or their counsel that same day. This timely appeal followed.

## II.    ISSUES

Appellant raises the following issues for review:

A. Whether Appellant's failure to appear at the hearing due to an assault and robbery causing medical emergency constitutes excusable neglect sufficient to warrant relief under Rule 60.02.

B. Whether Petitioner intentionally misrepresented facts to the trial court and engaged in deceitful behavior.

C. Whether the trial court applied the incorrect legal standard in granting the petition for an order of protection.

D. Whether the trial court abused its discretion in denying Appellant's request to appear via electronic means.[1]

E. Whether the trial court abused its discretion in extending the order of protection for ten years.

---

[1] The record contains no such request.

F. Whether the proceedings were unfair to Appellant.

G. Whether the trial judge should have recused herself prior to hearing the petition to extend the order of protection for ten years.[2]

H. Whether Appellant was properly notified of the continuance of the final motion hearing.

I. Whether Appellant's right to due process was violated.

J. Whether the trial court's final judgment following the October 21, 2024, hearing is void under Rule 60.02(3).

As Appellee, Petitioner raises the following issues:

K. Whether the appeal should be dismissed because Appellant did not raise any of his appellate issues at the trial court level.

L. Whether Petitioner should be awarded reasonable attorney fees and costs incurred in defending the appeal.

## III. STANDARD OF REVIEW

A trial court may extend an ex parte order of protection "if the petitioner has proved the allegation of domestic abuse, stalking, sexual exploitation of a minor, sexual assault, or a human trafficking offense by a preponderance of the evidence." Tenn. Code Ann. § 36-3-605(b). "Proving an allegation by a preponderance of the evidence requires a litigant to convince the trier-of-fact that the allegation is more likely true than not true." *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 825 n.19 (Tenn. Ct. App. 2005) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 634–35 (Tenn. Ct. App. 1984)).

We review this non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's

---

[2] The record does not contain a motion to recuse the trial judge.

determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

This Court's review of a trial court's decision to grant or deny relief under Rule 60 is limited to whether the trial court abused its discretion. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). The abuse of discretion standard requires this Court to consider whether the trial court "applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Id*.

## IV.    DISCUSSION

Appellant states that he "is not appealing the original order of protection, nor is [he] appealing [Petitioner's] 1st motion to modify/extend order of protection." He clarifies that "the only matter before this Court is the order granting [Petitioner's] motion to modify/extend [the] order of protection for ten (10) years." In response, Petitioner urges this court to hold that Appellant has waived the issues set forth in his appellate brief because he did not raise a single one of them at the trial court level. Appellant does not dispute this. In reply, Appellant states that "the issues [he] presents for review would not have been appropriate or feasible to raise before or at the October 21, 2024, trial court hearing," and invites this Court "to rule on the matters it may."

"Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

First, we note that, throughout his briefing, Appellant refers to alleged facts and communications with other people that are not contained within the appellate record. We cannot consider these because this Court only considers the materials that are properly in the record from the trial court. *See* Tenn. R. App. P. 24(g) ("Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal."); *Reid v. Reid*, 388 S.W.3d 292, 294 (Tenn. Ct. App. 2012) ("[W]e may only consider the record from the trial court."); *Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985) ("This is a court of errors and appeals in which matters below are reviewed when presented

by a duly authenticated record brought to this court pursuant to the Tennessee Rule[s] of Appellate Procedure.").

Second, the record is clear that Appellant repeatedly failed to attend the properly noticed hearings held in the trial court and that he did not assert any of the errors and arguments now raised on appeal before the trial court in the first instance. Rule 6 of the Tennessee Court of Appeals states in part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a) and (b).

Appellant's written argument on the issues he raises lacks a statement showing how any alleged trial court error was seasonably called to the trial judge's attention, a statement reciting wherein Appellant was prejudiced by such alleged error, or a statement of each determinative fact relied upon. Tenn. Ct. App. R. 6(a).

Moreover, issues not raised before the trial court may not be raised for the first time

- 6 -

on appeal. *See Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003) (deeming constitutional issues of due process and equal protection waived when they were raised for the first time on appeal); *see also Dog House Invs., LLC v. Teal Props., Inc*., 448 S.W.3d 905, 915 (Tenn. Ct. App. 2014) ("It is well settled that issues and arguments not raised or asserted in the trial court may not be raised for the first time on appeal.") (citing *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006); *Moss v. Shelby Cnty. Div. of Corr*., No. W2013-01276-COA-R3-CV, 2013 WL 6529567, at *4 (Tenn. Ct. App. Dec. 11, 2013)). This includes the issues Appellant now raises and the arguments he makes pursuant to Tennessee Rule of Civil Procedure 60.02. *See, e.g.*, *In re Layla C.S.*, 389 S.W.3d 337, 339 (Tenn. Ct. App. 2012) (declining to consider a Rule 60.02 argument in support of setting aside an adoption when it was not raised in the trial court); *St. Nagy v. Dubois*, No. E2008-01891-COA-R3-CV, 2009 WL 1819238, at *2 (Tenn. Ct. App. June 26, 2009) (declining to consider certain grounds the appellant asserted under Rule 60.02 for the first time on appeal). With the foregoing considerations in mind, we hold that Appellant has waived the issues stated in his brief by failing to raise them before the trial court. Accordingly, we dismiss the appeal.

### Petitioner's Attorney Fees on Appeal

Petitioner requests her attorney fees and costs on appeal pursuant to Tennessee Code Annotated section 36-3-617(a)(1) which provides:

> Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim, sexual assault victim, observation without consent victim, unlawful photography victim, or victim of a felony offense under title 39, chapter 13, part 1, 2, 3, or 5 shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

Tenn. Code Ann. § 36-3-617(a)(1). "[S]ection 36-3-617 clearly authorizes awarding attorney's fees and costs incurred in obtaining an order of protection or the extension of an order of protection, or in defending an appeal involving the issuance or extension of an order of protection." *New v. Dumitrache*, 604 S.W.3d 1, 21–22 (Tenn. 2020). Here, the trial court issued an order of protection to Petitioner based upon a finding of stalking. The trial court twice extended the order of protection. Petitioner defended Appellant's unmeritorious appeal from the second extension of the order of protection. Accordingly, we find that Petitioner is entitled to an award of her reasonable and necessary attorney fees and costs incurred on appeal and remand to the trial court for a determination of the amount.

## V. CONCLUSION

For the foregoing reasons, the appeal is dismissed. The case is remanded for a determination of Petitioner's reasonable and necessary attorney fees and costs incurred on appeal. Costs of the appeal are taxed to the appellant, Aaron Cregati.

_____
JOHN W. McCLARTY, JUDGE