WILLIAM JOHN CASSIDY, Appellant, v. STATE OF
TENNESSEE, Appellee.—470 S.W.2d 839

May 12, 1971.

Certiorari Denied by Supreme Court September 7, 1971.

292

Ray H. Moseley, Chattanooga, for appellant.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Frank M. Groves, Jr., Assistant District Attorney General, Chattanooga, for appellee.

RUSSELL, J. This post-conviction proceeding presents the sole and narrow question of whether or not the fact that the bill of exceptions in petitioner's direct appeal from his burglary conviction did not include the jury arguments of the prosecution ipso facto entitles him to a new trial on the ground that he was denied a full appellate review.

Although the record is conflicting, we take it that Cassidy had appointed counsel upon his trial, and an

appeal was timely perfected to this court and his conviction here affirmed. Certiorari was denied by our Supreme Court.

No objection was interposed upon the trial to any of the State's jury argument, no question was made on the subject in the motion for a new trial, and no error was assigned thereon upon appeal. The evidentiary hearing did not bring out the text of the alleged improper argument. Trial defense counsel testified that he was aware of none. The petitioner simply characterized the argument as "detrimental to my character"; and could not remember exactly what was said.

The trial court correctly dismissed this petition after an evidentiary hearing.

■ T.C.A. sec. 40-2035, relied upon by appellant as authority for his position that the trial transcript must contain a record of everything that transpired upon the trial, simply does not so provide. What it does provide is that any part of the proceedings shall be available, if needed. But it doesn't require that the verbatim record be *transcribed* in every case.

What goes into a bill of exceptions is subject to the Rules of the Supreme Court, duly adopted as the rules of this court. Rule 1 requires the abridgment of the record. Rule 2 reads:

"*Bill of exceptions.*—Counsel in the preparation of bills of exceptions in the trial court, in all cases, shall omit therefrom all that is immaterial or which is no longer controverted, or does not bear upon any ground

assigned in the trial court for a new trial. Proceedings had in the organization and impaneling of juries, and arguments of counsel, must not be included unless the same were seasonably objected to, and then only the portion complained of and the action of the court in regard to the same, shall be stated. When counsel fail to comply with this rule, an abstract of the record may be required to be made and filed before the hearing of the case, and such other orders made as may be necessary to enforce the rule.''

It is also pertinent to note Rule 14(4):

''*Error waived or cured.*—No assignment of error in any * * * criminal case * * * brought to this court for review, can be predicated upon any alleged error of the trial court consisting of an omission or affirmative action, * * * for any mistake, irregularity or error in the conduct of the case, unless it affirmatively appears in the record that the omission, action, defect, or error was seasonably called to the attention of the trial judge and ruled on adversely to the plaintiff in error, otherwise the same will be treated as having been waived, or cured in the trial court.''

Rule 14(5) also holds that alleged error will not constitute a ground for reversal and a new trial unless it was stated in the motion for a new trial and decided adversely to the plaintiff in error.

■■■ In summary, we observe that argument need not be included in a record unless the argument contains error, that such error is neither factually alleged nor proven in this case, that such error (when it occurs)

must be objected to at the time and included as a ground in a motion for a new trial to be grounds for reversal, and that counsel is under a duty not to include matters in the transcript that do not constitute grounds for appellate relief.

█ We hold that the mere fact that prosecution jury arguments were not a part of the record on direct appeal does not constitute a denial of the full right of appeal and entitle the indigent petitioner to a new trial.

Mitchell and Galbreath, JJ., concur.