IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 11, 2018

## JOHN DOE BY HIS NEXT FRIEND JANE DOE, ET AL v. BRENTWOOD ACADEMY INC., ET AL

**Appeal from the Circuit Court for Williamson County**
**No. 2017-435, 2017-472    Deanna B. Johnson, Judge**

———————————————————

### No. M2018-02059-COA-R9-CV

———————————————————

This Tenn. R. App. P. 9 application for permission to appeal concerns whether portions of a trial court order and a transcript, both of which reference Plaintiff Jane Doe's medical history, should be placed under seal. Pursuant to an October 2, 2018 order of remand from this court in Appeal No. M2018-01611-COA-R10-CV[1], the trial court determined that portions of the documents should be redacted but that certain portions of the transcript and order which include references to Jane Doe's medical history should not be placed under seal. The trial court subsequently granted Jane Doe and John Doe permission to appeal under Tenn. R. App. P. 9. We concur with the trial court that this is an appropriate case for an interlocutory appeal. Furthermore, because the application and answer fully set forth the parties' positions and the material facts, we dispense with further briefing and oral argument and proceed to the merits of the appeal in order to save the parties additional time and expense.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Justin S. Gilbert, Chattanooga, Tennessee, for the appellants, John Doe and Jane Doe.

Thomas A. Swafford, Nashville, Tennessee, Elizabeth G. Hart and Tara L. Swafford, Franklin, Tennessee, and Lucian T. Pera, Memphis, Tennessee, for the appellees, Buddy Alexander, Nancy Brasher, Brentwood Academy, Inc., Lyle Husband, Curt Masters, and Mike Vazquez.

---

[1] This court denied the Tenn. R. App. P. 10 application for an extraordinary appeal in Appeal No. M2018-01611-COA-R10-CV on October 4, 2018, and mandate issued on November 5, 2018. Despite the denial of the application, the issues concerning which documents held by the clerk should be placed under seal remains a live controversy over which this court has jurisdiction.

**OPINION**

This case arises out of an alleged sexual assault of a minor, John Doe, in a middle school locker room. John Doe by his next friend Jane Doe filed a complaint against the school and several individual defendants. Although the plaintiffs voluntarily dismissed their complaint without prejudice under Tenn. R. Civ. P. 41.01 in June of 2018, ancillary matters remained pending before the trial court. On September 4, 2018, the plaintiffs filed an application for an extraordinary appeal under Tenn. R. App. P. 10. No. M2018-01611-COA-R10-CV. In connection with the application, the parties filed several exhibits that had been placed under seal in the trial court pursuant to the trial court's blanket order entered on November 15, 2017. The November 15, 2017 order reads in pertinent part, "the Court hereby requires that all documents filed in this case initially be placed under seal. The Court will then do an in camera inspection of each document and decide whether or not to unseal the document." No such in camera inspection of the relevant documents had occurred at the time the Tenn. R. App. P. 10 application was filed.

Documents previously filed under seal in the trial court pursuant to a specific order of the trial court remain under seal in this court. Tenn. Ct. App. R. 15(b)(i). However, "[f]or a document to be filed under seal in the appellate court pursuant to subdivision (b), the trial court must have made an individualized determination that the particular document should be filed under seal." Tenn. Ct. App. R. 15(b)(ii). Because the November 15, 2017 order did not include the individualized determination required by Tenn. Ct. App. R. 15, we remanded the matter to the trial court with instructions to make specific findings and conclusions needed to justify sealing any specifically identified documents or portions of documents.

On November 1, 2018, the trial court entered an order placing several documents, or portions thereof, under seal and removing the seal from several other documents. At issue in this appeal is the trial court's determination that certain portions of a February 5, 2018 order and a November 9, 2017 transcript, both of which reference Jane Doe's medical history, should not be placed under seal. The trial court found that the plaintiffs had failed to show a "compelling reason" to justify sealing these portions of the record because they contained a discussion about Jane Doe's medical information, not of Jane Doe's actual medical records. The trial court subsequently granted the plaintiffs permission to appeal under Tenn. R. App. P. 9. The plaintiffs timely filed a Tenn. R. App. P. 9 application in this court, and the defendants filed an answer in opposition to the application. In addition, the plaintiffs have filed a motion to file portions of their application and supporting documents under seal pursuant to Tenn. Ct. App. R. 15. We emphasize at this point that the only issue before us in this Tenn. R. App. P. 9 appeal is public access to the two documents in question. Neither the defendants' access to the documents nor the documents' admissibility is at issue.

We review the trial court's orders to seal its records under an abuse of discretion standard. However, "'[i]n light of the important rights involved, the district court's decision is not accorded' the deference that standard normally brings." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Having reviewed the relevant documents, we conclude the trial court interpreted the protection for the plaintiff's medical history too narrowly.

## ANALYSIS

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). This public access doctrine is codified in the Tennessee Public Records Act. Tenn. Code Ann. §§ 10-7-101 to -702. The definition of "public records" that are subject to public access include the following court records: "the pleadings, documents, and other papers **filed** with the Clerk[s] of…all courts." *In re NHC - Nashville Fire Litigation*, 293 S.W.3d 547, 564 (Tenn. Ct. App. 2008) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996) (emphasis in *Ballard* ) (quoting Tenn. Code Ann. § 10-7-403)). Thus, all documents filed with the trial court clerk are public records and are open to the public unless they are protected from disclosure by a statute, rule, or court order. *See* Tenn. Sup. Ct. R. 34.

There is a "strong presumption in favor of openness" regarding court records. *Shane Grp., Inc.*, 825 F.3d at 305 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Unlike discovery information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180. As this court has reasoned, "[t]he public's right to access provides public scrutiny over the court system which serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *In re NHC*, 293 S.W.3d at 561 (quoting *Ballard*, 924 S.W.2d at 661).

There are, however, numerous exceptions to the Public Records Act and the openness of court records that are provided by statute, the Tennessee Constitution, the common law, rules of court, and administrative rules and regulations. *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 865 (Tenn. 2016) ("When the [Public Records] Act was adopted in 1957, only two categories of records were excepted from disclosure—medical records of patients in state hospitals and military records involving the security of the nation and state. However, over the years, the General Assembly has added over forty categories of records specifically excepted from the Act."). In fact, medical records enjoy broad protection from public disclosure, and the courts of this state have long recognized the importance of keeping a patient's medical records confidential. *Hall v. Crenshaw*, 449 S.W.3d 463, 469 (Tenn. Ct. App. 2014): *Stevens ex rel. Stevens v.*

*Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 558 (Tenn. 2013); *McNiel v. Cooper*, 241 S.W.3d 886, 896 (Tenn. Ct. App. 2007) *Alsip v. Johnson City Med. Ctr.,* 197 S.W.3d 722, 725 (Tenn. 2006); *Givens v. Mullikin ex rel. Estate of McElwaney,* 75 S.W.3d 383, 407 (Tenn. 2002).

As explained in *McNiel*, "[m]aintaining the confidentiality of patient records is for the protection of the patient[.]" 241 S.W.3d at 896 (citation omitted). Moreover, as discussed in *Hall* and emphasized in *Alsip*:

> medical confidentiality arose from both the patient's understanding of the covenant between physician and patient and the policy concerns about keeping private and potentially embarrassing information private, adding, "The relationship of patient to physician is a particularly intimate one [because] [t]o the physician we bare our bodies ... in confidence that what is seen and heard will remain unknown to others."

*Hall*, 449 S.W.3d at 469 (quoting *Alsip*, 197 S.W.3d at 726).

The privacy of such records is also protected by both federal and state statutes. Medical records are deemed confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Tennessee statutes also protect the confidentiality of medical records. As we noted in *Givens*, "the General Assembly has enacted several statutes that expressly require a physician and others to keep a patient's medical records and identifying information confidential." 75 S.W.3d at 407. One such statute, Tenn. Code Ann. § 63–2–101(b)(1) states that medical records provided to state agencies by medical providers "shall not constitute public records, and nothing contained in this part shall be deemed to impair any privilege of confidentiality conferred by law on patients, their personal representatives or heirs."). Another, Tenn. Code Ann. § 10-7-504(a)(1)(A), provides:

> The medical records of patients in state, county, and municipal hospitals and medical facilities, and the medical records of persons receiving medical treatment, in whole or in part, at the expense of the state, county, or municipality, shall be treated as confidential and shall not be open for inspection by members of the public.

Because medical records are universally recognized as confidential and they are exempted from the definition of public records, medical records and the information contained therein do not lose their confidentiality merely because a party files another's records in a civil action or reads from them during a legal proceeding. *See Stevens,* 418 S.W.3d at 558 ("In determining whether medical records are relevant for purposes of litigation, defendants should continue to adhere to the "minimum necessary" standard that traditionally applies to a provider's use and disclosure of a patient's private health

records under 45 C.F.R. § 164.502(b)(1)"). Nevertheless, a party may waive the confidentiality of medical information by putting the party's physical or mental condition at issue. *See Bray v. Khuri*, 523 S.W.3d 619, 622 (Tenn. 2017) ("Tennessee Code Annotated section 29-26-121(a)(2)(E) states that the notice shall include "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice."). However, such medical information should be made public only when it forms the basis of the trial court's decision or is otherwise relevant to the issues in the case. *See Stevens,* 418 S.W.3d at 558 (citing *Givens*, 75 S.W.3d at 408; Tenn. R. Civ. P. 26.02 ("providing that parties can obtain a wide range of materials if they are 'relevant to the subject matter involved in the pending action'")). Thus, even where access is specifically permitted, public access should be limited to those medical records that are relevant to the particular claim at issue, not a plaintiff's entire medical history. *Id.* at 558.

The foregoing reasoning also comports with a fundamental reason for open courts, which is "the public is entitled to assess for itself the merits of judicial decisions." *Shane Grp., Inc*., 825 F.3d at 305. As our courts have explained, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id*. (quoting *Brown & Williamson Tobacco Corp*., 710 F.2d at 1181). Conversely, if the information is both confidential and was not relied on by the court to make a judicial decision, then the public's right to such information is greatly diminished.

While Jane Doe is a plaintiff, she is acting primarily as next friend for her son, John Doe, and her only claim is for reimbursement of tuition, not for any personal injuries to her. This is significant because in determining whether records or information in a court file should be sealed, one of the important factors is whether the court relied on such information in reaching its decisions. *See Shane Grp., Inc*., 825 F.3d at 305. The documents before us fail to establish that the medical records of Jane Doe pertain to any claim she filed. They also fail to establish that the trial court relied on the medical records of Jane Doe in making any decision. Moreover, this action was voluntarily dismissed months ago and the only matters remaining before the trial court pertain to the alleged contemptuous conduct of an attorney, which issue has no relevance to the medical records of Jane Doe.

While the information at issue here is not a medical record, it is information that was obtained from Jane Doe's medical records. Protecting the medical records themselves but allowing public disclosure of their contents would provide no protection for confidential information. Therefore, medical information obtained from a confidential medical record retains its confidentiality unless and until the patient puts his or her medical history at issue in a civil action or waives the confidentiality.

Because Jane Doe's medical records and her medical history derived therefrom constitutes confidential information and because that confidential information is not relevant to Jane Doe's claims and was not relied on by the trial court to make a decision in this case, Jane Doe has established a compelling reason for sealing her medical records and the confidential information derived therefrom. Further, the redaction of only those few lines which reveal the confidential information is narrowly tailored to serve that compelling reason.

The foregoing notwithstanding, defendants assert that the application of the plaintiffs to seal Jane Doe's medical records and information derived therefrom should be denied because the plaintiffs publicly disclosed in their application the very medical history they seek to have sealed. In the original public version of their Tenn. R. App. P. 9 application, filed in accordance with Tenn. Ct. App. R. 15(d), the plaintiffs failed to redact two key lines which reveal information about Jane Doe's medical history. Thereafter, the plaintiffs filed an amended public version correcting the error. Although not initially placed under seal, we decline to disregard the confidentiality of the information based on what amounts to a typographical error or oversight of an intended redaction. Therefore, the clerk is directed to file the amended public version as the public version and place the original public version under seal.

## CONCLUSION

The application for permission to appeal is hereby granted.[2] The portions of the trial court's November 1, 2018 order denying the plaintiffs' request to seal the portions of the February 5, 2018 order and November 9, 2017 transcript which reference Jane Doe's medical history are reversed and those portions of the February 5, 2018 order and November 9, 2017 transcript shall be placed under seal. All other provisions of the November 1, 2018 order remain in full effect.

The plaintiffs' motion to file portions of their application and exhibits under seal is also granted. The unredacted documents that were filed under conditional seal in accordance with Tenn. Ct. App. R. 15 shall remain under seal. Likewise, the original public version of the application shall be placed under seal due to the inadvertent failure to redact all the necessary information. The clerk shall file the amended public version of the application as the public version under Tenn. Ct. App. R. 15(d).

---

[2] Contemporaneously with this opinion, this court is also filing orders in Appeal Nos. M2018-01611-COA-R10-CV and M2018-01975-COA-R10-CV which arise out of the same case.

The costs of this appeal are taxed to the defendants/appellees, jointly and severally.

_____

FRANK G. CLEMENT JR., P.J., M.S.