IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2022

## KEVIN WAGGONER v. STATE OF TENNESSEE ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 21-0453-I      Patricia Head Moskal, Chancellor**
_____

### No. M2021-01037-COA-R3-CV
_____

Kevin Lee Waggoner ("Petitioner") filed an action in the Chancery Court for Davidson County on April 30, 2021, pursuant to the Tennessee Public Records Act (the "Act"). Petitioner sought the audio recordings from his criminal trial held several years earlier in Union County. The trial court held that the clerk of the criminal court in which Petitioner's trial was held was not required by statute to store the recordings as part of the clerk's case records. The trial court also held that the audio recordings were exempt from disclosure under the Act pursuant to Tennessee Supreme Court Rule 34. We reverse the trial court's decision as to both issues and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed;**
**Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Kevin Lee Waggoner, Tiptonville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General; Janet Kleinfelter, Deputy Attorney General; and Pablo A. Varela, Assistant Attorney General, for the appellees, E. Shayne Sexton and State of Tennessee.

H. Stephen Gillman, Knoxville, Tennessee, for the appellee, Barbara J. Williams.

### OPINION

### BACKGROUND

In 2016, Petitioner was sentenced to eighteen years in prison for second-degree murder. Judge Shayne Sexton presided over Petitioner's trial, which was held in the

Criminal Court for the Eighth Judicial District of Tennessee in Union County (the "criminal court"). The Tennessee Court of Criminal Appeals (the "CCA") upheld Petitioner's conviction. *See State v. Waggoner*, No. E2018-01065-CCA-R3-CD, 2019 WL 4635589 (Tenn. Crim. App. Sept. 24, 2019). One of the issues raised in Petitioner's appeal before the CCA was that the criminal court refused to release the full audio recordings of Petitioner's trial, despite Petitioner's contention that the official transcript contained discrepancies. The CCA ruled against Petitioner, explaining:

> After filing a motion for new trial, the Defendant filed a motion requesting a copy of the recording of the trial in which he maintained that he and his family reviewed the trial transcript and believed that material was omitted from the transcript. The Defendant asserted that the recording was a public record and that he was willing to pay for a copy of the recording. During a hearing, the trial court denied the Defendant's request. The trial court stated that the recordings were only a backup and that if there was a claim of a problem with the transcript, the trial court and the court reporter would listen to the recording. The trial court stated that no one had identified any issues with the transcript.
>
> On appeal, the Defendant contends that the recording of the trial was a public record and that he is entitled to a copy of the recording pursuant to the Tennessee Public Records Act. *See* T.C.A. § 10-7-101, *et. seq.* However, pursuant to section 10-7-505 (b), a citizen who has been denied access to a public record must obtain judicial review by filing a petition in chancery court, a procedure with which the Defendant failed to comply.

*Id.* at *25. Consequently, Petitioner initiated the present action in the Chancery Court for Davidson County (the "trial court") on April 30, 2021, seeking access to the audio recording of his trial. *See* Tenn. Code Ann. § 10-7-501 *et seq.*

Petitioner initially named the State of Tennessee, Judge Sexton, Barbara Williams, and Barbara Davis as defendants. Barbara Williams is the clerk of the criminal court, and Barbara Davis is the court reporter who prepared the transcript of Petitioner's trial. Petitioner sought the "immediate release of the court proceedings audios in [his] case #5019[.]" Petitioner relied on the Act as well as Tennessee Supreme Court Rule 26 and Tennessee Code Annotated section 40-14-307. Petitioner claimed that Judge Sexton was in possession of the audio tapes. Attached to the petition was an itemized list of all the dates upon which Petitioner and/or his family members had contacted Judge Sexton, Ms. Williams, and Ms. Davis regarding release of the audio recordings. Also attached to the complaint were several exhibits, including an excerpt from the State's brief filed in Petitioner's CCA appeal. Petitioner later argued that during the first appeal, the State conceded the audio recordings should have been released to Petitioner, although the State urged the error was harmless. As such, Petitioner contended that the State was estopped

from maintaining the opposite position, namely, that the audio recordings are exempt from disclosure.

Judge Sexton filed a response to the petition on July 29, 2021. Judge Sexton argued that Petitioner did not make a proper records request pursuant to the Act because: 1) the request should have been made in writing to the Administrative Office of the Courts (the "AOC") records custodian; 2) the audio recordings were exempt from disclosure pursuant to Tennessee Supreme Court Rule 34; and 3) the audio recordings were also exempt from disclosure pursuant to Tennessee Rule of Criminal Procedure 16. Attached to this response was as an affidavit of Judge Sexton, which provided, as pertinent:

6. During the hearing on [Petitioner's] motion for new trial and his motion for the audio recording, I advised counsel for [Petitioner] that the audio recording exists for backup purposes. [Petitioner] attaches to his Public Records Act Petition a partial transcript of this colloquy between the court and counsel. While incomplete, it accurately reflects that [Petitioner] and his counsel failed to point to any particular omission that they believed the transcript contained.

7. The incomplete transcript also accurately reflects my concern that—if the audio recording was provided to [Petitioner] "without the supervision of the Court"—the recording was "subject to be[ing] doctored" or altered in some way in an effort "to try to taint this process."

8. The proof at trial established that [Petitioner] and his family were technophiles—i.e., very adept and skilled with electronic recording equipment (both video and audio)—and, in fact, [Petitioner] recorded his own 911 call to the police after killing the victim. *See, e.g.*, *Waggoner*, 2019 WL 4635589, at *1-3. In addition, during the course of [Petitioner's] trial, other members of his family engaged in conduct intended to disrupt the proceedings, including attempts on their part to record the court proceedings via a cell phone and/or transmit the court proceedings via cell phone over the internet. I prohibited these efforts. It was, and continues to be, a concern of the court that, if [Petitioner] is provided the audio recording of the proceedings or even a copy of the audio recording, he or members of his family will attempt to alter the recording in some fashion to create the appearance of an inaccuracy in the official trial transcript.

10. To reiterate, the audio recording—which is in the possession of my office—is not part of the official record of Mr. Waggoner's trial proceedings. The criminal court for the 8th Judicial District has not been authorized by the Tennessee Supreme Court, under its Rule 26 § 1.01, to use electronic recording equipment for the purpose of creating an official record of court

proceedings. The audio recording exists solely to assist the court in its own deliberative process and to assist the court reporter in the preparation of the official transcript.

11. From a review of the "List of requests for the adios [sic] proceedings" that [Petitioner] has attached to the last page of his Public Records Act Petition, I understand that he contends that he sent two written public records requests directly to me—one on 12/26/19 and another on 1/27/20.

12. I have no record of receiving—nor any recollection of receiving—either written request directly from Mr. Waggoner, and my office does not have a copy of either request.

13. When my office receives public records requests, it is my standard practice to have such requests forwarded to the appropriate county clerk's office. I and my staff have contacted the Union County Clerk's Office, and we have been informed that it does not have any requests from [Petitioner] to me regarding the audio recording of his trial. To be sure, the Union County Clerk's Office does have other requests, directed to the Clerk's Office, from [Petitioner] and from members of his family for the audio recording. It does not, however, have any requests directed to me or my office by [Petitioner].

Ms. Williams also filed a response to the petition, positing largely the same arguments as Judge Sexton.[1] Ms. Williams also claimed that the petition should be dismissed because her office was undisputedly not in possession of the tapes and therefore could not be compelled to release them.[2] Ms. Williams agreed that Judge Sexton was in sole possession of the tapes. Both Ms. Williams and Judge Sexton asked that the petition be dismissed.

Soon thereafter, the trial court entered an order providing that the complaint would be decided on the pleadings, *see* Tenn. Code Ann. § 41-21-304, and that no further pleadings would be filed. Nonetheless, Petitioner filed several more pleadings prior to the entry of the trial court's final order, primarily reiterating the arguments made in his complaint.[3] Nothing further was filed by any of the respondents.

---

[1] The trial court noted in its final order that a summons was never issued to the State of Tennessee and that a return of service on Ms. Davis, the court reporter, was never filed. Petitioner does not address these issues on appeal. The State filed a brief on behalf of itself and Judge Sexton, and Ms. Williams filed a separate brief adopting the State's brief. *See* Tenn. R. App. P. 27(j). Ms. Davis did not file a response in the trial court or a brief in this Court.

[2] Ms. Williams also filed a sworn declaration explaining that she informed Petitioner in writing that she did not have the tapes and that they were in Judge Sexton's possession. Ms. Williams instructed Petitioner that inquiries regarding the tapes "should be made to the attorney general or to Judge Shayne Sexton."

[3] The trial court "considered [Petitioner's additional pleadings], notwithstanding the Court's admonition that no further filings were permitted."

The trial court entered its final memorandum and order on August 18, 2021. The trial court ruled in favor of Judge Sexton and Ms. Williams, finding that the audio recordings were not the official record of Petitioner's trial and therefore did not have to be maintained by the criminal court clerk pursuant to section 40-14-307; that Petitioner did not properly request the records pursuant to the Act; and that the audio recordings were, in any event, excepted from disclosure under the Act based upon Tennessee Supreme Court Rule 34. The petition was dismissed in its entirety with prejudice. Petitioner filed several post-judgment pleadings, which the trial court treated as motions to alter or amend the final order and denied. In an order entered on August 23, 2021, the trial court explained that "no amendment to the Final Order is necessary, and Petitioner's request for a deposition is hereby DENIED."

Petitioner filed a timely notice of appeal to this Court.

## ISSUES

Petitioner challenges the trial court's dismissal of his public records request. For clarity, we have consolidated and restated the issues before us as follows:

1.     Whether the trial court correctly concluded that Tennessee Code Annotated section 40-14-307 does not require the verbatim recording used by a court reporter in generating a written transcript to be filed and maintained by the criminal court clerk as part of the court's records.

2.     Whether the trial court correctly concluded that the audio recordings in this case were exempt from disclosure under the Act pursuant to Tennessee Supreme Court Rule 34.

## DISCUSSION

The issues in this appeal present questions of law which we review de novo. *See Memphis Publ'g Co. v. Cherokee Children and Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002) ("Our determination whether the Tennessee Public Records Act applies to the records in Cherokee's possession is a question of law."). The trial court's conclusions are afforded no presumption of correctness. We must also resolve issues of statutory interpretation, which too are questions of law that we review de novo without a presumption of correctness. *See id.*; *see also Nationwide Mut. Fire Ins. Co. v. Memphis Light, Gas & Water*, 578 S.W.3d 26, 30 (Tenn. Ct. App. 2018).

### *T.C.A. § 40-14-307*

The parties first dispute whether the full audio recordings of Petitioner's trial should have been part of the file maintained by the criminal court clerk. While the parties agree

that the salient statute is Tennessee Code Annotated section 40-14-307, they disagree about the statute's construction.[4]  Section 307 provides as relevant:

> (a) A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by a method prescribed or approved by the administrative director, all proceedings had in open court and other proceedings as the judge may direct. The reporter shall attach the reporter's official certificate to the records so taken and promptly file them with the clerk of the court, who shall preserve them as a part of the records of the trial.

The trial court determined, and Appellees now argue on appeal, that the statute requires only that the court clerk maintain a copy of the written transcript inasmuch as the transcript is the "official record" of the trial.  Specifically, the trial court found:

> [Petitioner] asserts that Criminal Court Clerk Williams is required to retain and preserve the court's audio recording under Tenn. Code Ann. § 40-14-307 and Tennessee Supreme Court Rule 26, § 2. The Court disagrees and finds that Criminal Court Clerk Williams does not have the requested audio recordings in her possession.

> Tennessee Supreme Court Rule 26, § 2 addresses "official electronic recordings of court proceedings," and requires the clerk to "retain" an "electronic record" of court proceedings, when electronic recording is permitted as the "official record." Tenn. Sup. Ct. R. 26, § 2.02. This rule applies only to courts authorized by the Tennessee Supreme Court "to use electronic recording equipment to record court proceedings." Tenn. Sup. Ct. R. 26, § 1.01. Currently, the Sixth Circuit Court for the Twentieth Judicial District is the only court so authorized. *In Re Amendment to Rule 26, Rules of the Tennessee Supreme Court*, No. M2013-01132-SC-RL2-RL (Tenn. Sept. 3, 2013). [Petitioner's] trial took place in the Criminal Court for the Eighth Judicial District, which is not authorized to create an "official record" of its proceedings by electronic recording. Thus, the audio recording of [Petitioner's] trial is not the official record.

---

[4] At the outset, we acknowledge that Tennessee Code Annotated section 40-14-307 is a criminal procedure statute that would ideally be construed by the CCA.  Nonetheless, when Petitioner raised an issue regarding the audio recordings in his criminal appeal, the CCA concluded that the appropriate avenue for Petitioner was to file a petition in the Chancery Court for Davidson County pursuant to the Act.  *See Waggoner*, 2019 WL 4635589, at *25.  Petitioner then filed the instant case in the trial court, and the trial court rendered a decision construing section 40-14-307.  Petitioner timely appealed and has appropriately raised this issue in his principal brief.  *See* Tenn. R. App. P. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."); *see also* Tenn. R. App. P. 13(a) ("Except as otherwise provided in Rule 3(e), any question of law may be brought up for review and relief by any party.").

Tenn. Code Ann. § 40-14-307(a) requires the court clerk to preserve as a part of the trial court records the "records" of court proceedings that have been certified by a "designated court reporter." The designated court reporter in [Petitioner's] criminal trial created the official transcript, and that official transcript became part of the criminal court records maintained by Ms. Williams. *See State v. Waggoner*, No. E2018-01065-CCA-R3-CD, 2019 WL 4635589 (Tenn. Crim. App. Sept. 24, 2019), *perm. app. denied* (Tenn. Feb. 19, 2020). Section 40-14-307 does not require the court clerk to maintain the audio recordings of [Petitioner's] trial because the audio recordings are not the "official record" of the proceedings.

(Footnotes omitted).

As he did in the trial court, Petitioner contends that section 40-14-307 requires the clerk to maintain the verbatim recordings. We conclude that neither the statute itself nor its surrounding parts, which we look to in our interpretation, support the trial court's construction of Tennessee Code Annotated section 40-14-307.

The polestar of statutory interpretation is the intent and purpose of the legislature in enacting the statute. *Nationwide*, 578 S.W.3d at 30; *see also Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 903 (Tenn. 2014) (noting that the court's goal in statutory construction is to "ascertain and give effect to the legislature's intent" (citing *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004))). We begin by "reading the words of the statutes using their plain and ordinary meaning in the context in which the words appear." *Nationwide*, 578 S.W.3d at 30. If the language is clear and unambiguous, we look no further than the language of the statute itself to determine its meaning. *Id.* We are compelled to apply the statute's "'plain meaning in its normal and accepted use.'" *Griffin*, 439 S.W.3d at 903 (quoting *Eastman*, 151 S.W.3d at 507). We do not read section 307 "in isolation," however. *Id.* (citing *Kradel v. Piper Indus., Inc.*, 60 S.W.3d 744, 750 (Tenn. 2001)). Rather, we read the statute "as a whole . . . in conjunction with [its] surrounding parts, and view [it] consistently with the legislative purpose." *Id.* [5]

In this case, the additional parts of Title 40, Chapter 14 give effect to section 40-14-307. *See Griffin*, 439 S.W.3d at 903 (statutes should be read "in conjunction with their surrounding parts"). For example, Tennessee Code Annotated section 40-14-317 provides:

Notwithstanding the Tennessee Supreme Court Rules, Rule 26 or any other law to the contrary, a defendant in a criminal case, as defined by § 40-14-301, is entitled to have a court reporter pursuant to § 40-14-302, or a licensed court reporter pursuant to title 20, chapter 9, part 6 to record verbatim all proceedings that occur in open court and such other proceedings as the judge

---

[5] Tenn. Code Ann. § 40-14-301 *et seq.* does not contain a part providing the legislative purpose.

may direct.[6]

Additionally, "the administrative director shall prescribe or approve methods for the taking of **verbatim records** of proceedings under this part. **Any such method shall be of a nature that an accurate written transcript can be prepared from that method**." Tenn. Code Ann. § 40-14-306 (emphasis added). To reiterate, section 40-14-307 then explains, as relevant:

> (a) A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by a method prescribed or approved by the administrative director, all proceedings had in open court and other proceedings as the judge may direct. The reporter shall attach the reporter's official certificate to the records so taken and promptly file them with the clerk of the court, who shall preserve them as a part of the records of the trial.[7]

When read as part and parcel of Title 40, Chapter 14, it is clear that section 40-14-307 requires court reporters in criminal cases to file their verbatim records with the appropriate clerk. The foregoing statutes establish that during a criminal case, as defined in that chapter, a defendant is entitled to "have a court reporter . . . record verbatim all proceedings that occur in open court." Tenn. Code Ann. § 40-14-317. The verbatim recording must be

---

[6] A "criminal case" is "the trial of any criminal offense which is punishable by confinement in the state penitentiary and any proceeding for the writ of habeas corpus wherein the unlawful confinement is alleged to be in a state, county or municipal institution." Tenn. Code Ann. § 40-14-301(3). There is no dispute that Petitioner's was a "criminal case" for purposes of this section.

[7] The Tennessee Administrative Office of the Courts has also published the "Tennessee Official Court Reporter Manual," which provides, in relevant part, as follows:

Filing the Original Record:

Tennessee Code Annotated § 40-14-307 specifies that the original record of the court proceeding (e.g., shorthand notes, event logs, and tape recordings) should be certified by the court reporter and filed with the clerk of court. All original recordings are the property of the State of Tennessee. This record should remain available in the event transcripts are requested. All court reporters in the service of Tennessee courts are required to comply with this statute.

> (a) A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by a method prescribed or approved by the administrative director, all proceedings had in open court and such other proceedings as the judge may direct. The reporter shall attach the reporter's official certificate to the records so taken and promptly file them with the clerk of court, who shall preserve them as part of the records of the trial.

Tennessee Official Court Reporter Manual, 10 (June 2016), https://www.tncourts.gov/sites/default/files/docs/rev_-_official_court_reporter_manual_for_ website-_june2016.pdf.

of such "a nature that an accurate written transcript can be prepared from that method." *Id.* § 40-14-306. Section 306, then, does not contemplate that the "verbatim record" and the subsequently prepared transcript are the same thing. This is clear because section 306 explains that whatever medium is used for the "verbatim recording" must be such that a transcript can then be prepared therefrom. Accordingly, section 306 contemplates the creation of two things during a criminal case – the verbatim recording, created per an approved method, and a written transcript if necessary.

Section 307, which directly follows section 306, expounds on the verbatim recording requirement. Section 307 mandates that a designated court reporter "attend every stage of [the] criminal case before the court and shall record verbatim," by an approved method, "all proceedings had in open court[.]" *Id.* § 40-14-307. The reporter must then "attach the reporter's official certificate to **the records so taken** and promptly file them with the clerk of the court." *Id.* (emphasis added). Contrary to the trial court's finding, nothing in the language of section 307 provides that the court reporter must attach his or her certificate only to a subsequently prepared transcript and then file that transcript with the clerk. Rather, section 307 requires the reporter to certify and file any verbatim "records so taken." There is no distinction between what the court reporter must do with a "verbatim recording" and a subsequently prepared transcript; indeed, section 307 simply refers to "records" in the plural. If the legislature intended to distinguish the verbatim recording and a subsequently prepared transcript, it could have done so in the statute, as opposed to using "records so taken." *See In re Rader Bonding Co., Inc.*, 592 S.W.3d 852, 862 (Tenn. 2019) (footnote and citation omitted) (noting the statutory construction "maxim of *expressio unius est exclusio alterius*, meaning 'the expression of one thing implies the exclusion of all things not mentioned'"). The final sentence of section 307(a) then clearly and unambiguously requires the clerk to preserve "the records so taken" "as a part of the records of the trial." While much of the trial court's reasoning rests on a distinction between an "official" and "unofficial" record, nothing in the language of the statute supports this. Under the circumstances, we understand section 307 as referring not only to a written transcript, but to all "records so taken" by a court reporter, and requires the court reporter to file those records with the appropriate clerk. Nothing in the statute itself or its surrounding parts buttresses Appellees' argument that the court reporter may withhold a portion of his or her "records so taken" from the parties to the case.

While there is a dearth of case law addressing section 40-14-307, the cases that do exist, as well as other authorities, support our conclusion. For example, the Court of Criminal Appeals in *Layman v. State* addressed whether a constitutional error occurred when the defendant's privately employed court reporter failed to attend and record a hearing on a post-trial motion. 464 S.W.2d 331 (Tenn. Crim. App. 1970). The court's official reporter was at the hearing but "was not requested to take the proceedings at that time and did not know if she had done so." *Id.* at 333. The Court explained:

We call attention to T.C.A. § 40—2035 providing that the reporter shall record verbatim all proceedings had in open court. We think that this recording should be made even though the defendant employs another reporter.

The need for a record of what occurs during sentencing is evident. Properly conducting the proceeding in the first place, plus an accurate record to prove it, is by far the best defense against collateral impeachment.

Of course the record need not actually be transcribed unless it is needed, but it is of utmost importance that the court reporter system retain the capacity to transcribe it at some future time. We have found no constitutional violations here.

*Id.* While Layman did not prevail on his Constitutional challenge, the CCA acknowledged the importance of a verbatim recording for future use and, in explaining that a transcript is not required in every case, suggested that the "verbatim recording" mentioned in section 40-14-307 refers to something other than a written transcript. *Id.*; *see also State v. Grier*, No. M2003-03003-CCA-R3-CD, 2005 WL 1981802, at *6 (Tenn. Crim. App. Aug. 11, 2005) (explaining that under section 40-14-307, "[the] [d]efendant had a statutory right to have a verbatim recording *and* transcript of all proceedings of his trial and sentencing hearing") (emphasis added); *Cassidy v. State*, 470 S.W.2d 839, 840 (Tenn. Crim. App. 1971) (rejecting appellant's contention that "the trial transcript must contain a record of everything that transpired upon the trial[,]" but noting that the predecessor statute of section 40-14-307 "does provide [ ] that any part of the proceedings shall be available, if needed"). None of the foregoing cases suggest that access to a verbatim audio recording of a criminal trial should be restricted, as opposed to filed with the clerk and maintained in the court's records. Nor do any of these cases, or any case found in the course of our research, lend support to Appellees' position that the term "records so taken" in section 40-14-307 excludes the verbatim recordings and refers only to a written transcript.

Moreover, the Attorney General of Tennessee has considered section 40-14-307 and concluded that "if a court reporter utilizes audio recording devices or stenography to make verbatim recording[s] of a proceeding in a criminal case, the reporter must file the resulting recordings or stenographic notes with the court clerk, 'who shall preserve them as part of the records of the trial.'" Tenn. Op. Atty. Gen. No. 08-190, 2008 WL 5427512, at *1 (Dec. 29, 2008) (quoting Tenn. Code Ann. § 40-14-307). The Attorney General pointed to section 40-14-306, which, again, mandates that a verbatim recording be "of a nature that an accurate written transcript can be prepared from that method." The Attorney General then reasoned that the words "records so taken" in section 307 refer to audio recordings and stenography notes, explaining that "[i]n construing legislative enactments, one must 'presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing.'" *Id.*

(quoting *Overstreet v. TRW Com. Steering Div.*, 256 S.W.3d 626, 630 (Tenn. 2008)). While an Attorney General opinion is not binding on this Court, "government officials rely upon them for guidance[.]" *State v. Black*, 897 S.W.2d 680, 683 (Tenn. 1995). As such, "this opinion is entitled to considerable deference." *Id.* We are particularly persuaded by the opinion of the Attorney General in this case because it squarely answers the question before us, no appellate court of Tennessee has concluded otherwise, and the opinion has been held out to the courts of this state as the authority on Tennessee Code Annotated section 40-14-307.[8] We also believe the opinion is weighty in this particular case because the State is a litigant and is arguing for a construction of section 40-14-307 different than that posited in the 2008 opinion and unsupported by case law. *See H&R Block Eastern Tax Servs., Inc. v. State, Dep't of Com. and Ins., Div. of Ins.*, 267 S.W.3d 848, 861 (Tenn. Ct. App. 2008) ("We also believe that Attorney General opinions are especially persuasive where, as here, the State is a litigant arguing for a more expansive statutory interpretation that it had previously disavowed[.]").

The trial court's decision does not address any of the foregoing. Rather, the trial court relied primarily on Tennessee Supreme Court Rule 26 for its conclusion that the audio recordings of Petitioner's trial need not have been filed with and maintained by the criminal court clerk. However, Rule 26 does not answer the question before us. That rule provides:

> **2.02. Electronic Recordings--Official Record.** In court proceedings where electronic recording equipment is available, the official record of court proceedings shall consist of two electronic recordings, recorded simultaneously, of the proceedings. Upon the filing of a notice of appeal, one of the two electronic recordings, or a court-certified copy of a portion thereof, of the court proceeding being appealed shall be filed and certified by the clerk as part of the record on appeal. The second electronic recording shall be retained by the clerk of the trial court.

---

[8] As of August 10, 2022, the 2008 attorney general opinion is posted on the AOC's website under "Court Reporter Resources (Criminal Court Only)." *See* https://tncourts.gov/programs/court-reporters/resources-court-reporters2015. Consistent with the opinion of the Attorney General, the AOC guidelines provided for Tennessee judges establish that in criminal cases, court reporters must file their stenography notes and audio recordings with the appropriate court clerk. In the AOC Court Reporter Guidelines for Judges, the instructions for "Filing the Record" are as follows, as pertinent:

> If an official court reporter retires, resigns, or is terminated from his/her position, the reporter shall immediately notify the AOC. **If the reporter has records in his/her possession (including steno notes and audio recordings) that were not promptly filed with the clerk of the court pursuant to T.C.A. § 40-14-307, the reporter should make arrangements with the clerk to transfer those records to the clerk's office for storage.**

AOC Court Reporter Guidelines for Judges, 5 (Jan. 2017), https://www.tncourts.gov/sites/default/files/docs/aoc_court_reporter_guidelines_for_judges_-_january2017.pdf. (Emphasis added).

Petitioner maintained in the trial court, and now urges on appeal, that Rule 26 lends itself to his argument that the audio recordings should be considered part of the court's record. Naturally, Appellees disagree, asserting that Rule 26 applies only to courts that have been authorized to create their "official record" through electronic means. However, the trial court and the parties appear to conflate the notions of an official record for purposes of appeal with the separate, distinct statutory requirement that a verbatim record of the proceedings be maintained as part of the criminal court clerk's case file pursuant to section 40-14-307. Indeed, the legislature has already decided that Rule 26 is inapposite here:

> **Notwithstanding the Tennessee Supreme Court Rules, Rule 26 or any other law to the contrary**, a defendant in a criminal case, as defined by § 40-14-301, is entitled to have a court reporter pursuant to § 40-14-302, or a licensed court reporter pursuant to title 20, chapter 9, part 6 to record verbatim all proceedings that occur in open court and such other proceedings as the judge may direct.

Tenn. Code Ann. § 40-14-317 (emphasis added). In light of the plain language of section 40-14-317, Rule 26 does not affect our analysis as to this issue, and we are unpersuaded by the trial court's reasoning.

Nor are we convinced by the arguments of Appellees. On appeal, Appellees simply reiterate the trial court's finding that "[t]he audio recording was not the official record." Appellees also assert, in an all-or-nothing fashion, that "[s]ection 40-14-307(a) does require the court clerk to maintain the trial transcript, but it does not require the court clerk to maintain the audio recording as part of the official record." In Appellees' view, then, when an audio recording is used to create the official transcript of a trial, the written transcript is the one and only record of the proceedings, the transcript alone must be stored and maintained by the clerk, and the transcript is all that the parties and the public have access to.

Respectfully, however, that is not what the statute says, and Appellees' argument belies the statute when read in its entirety and with reference to its surrounding parts. *See Griffin*, 439 S.W.3d at 903. Again, Appellees conflate the idea of the audio recording being "the official record" for purposes of appeal with the simple requirement that the verbatim recordings be held on file with the clerk of the court and available if necessary. As explained above, although an official trial transcript need not contain "everything that transpired upon trial[,]" any part of the proceedings in the criminal case "shall be available, if needed." *Cassidy*, 470 S.W.2d at 840; *see also Layman*, 464 S.W.2d at 333 ("Of course the record need not actually be transcribed unless it is needed, but it is of utmost importance that the court reporter system retain the capacity to transcribe it at some future time."). Further, Appellees' proposed construction places section 40-14-306 and 307 in conflict with one another, as section 306 provides that a verbatim recording must be taken during criminal case proceedings, and section 307 then immediately thereafter provides that any

"records so taken" must be filed with the appropriate clerk. We are compelled to "select 'a reasonable construction that avoids statutory conflict and provides for harmonious operation of the laws[,]'" and Appellees' reasoning does not allow this. *Griffin*, 439 S.W.3d at 903 (quoting *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997)).

To clarify, we do not dispute Appellees' contention that the written transcript is the official record of the trial proceedings as designated for purposes of appeal. Nor are we suggesting that the verbatim recording and the trial transcript need be exactly the same and that when it is not, error results. *See Cassidy*, 470 S.W.2d at 840 (rejecting the argument that a "transcript must contain a record of everything that transpired upon the trial[,]" and explaining that section 40-14-307 "doesn't require that the verbatim record be [t]ranscribed in every case"). All we conclude, based on the narrow question before us, is that under Tennessee Code Annotated section 40-14-307, when a "court reporter utilizes audio recording devices or stenography to make verbatim recording[s] of a proceeding in a criminal case, the reporter must file the resulting recordings or stenographic notes with the court clerk, 'who shall preserve them as part of the records of the trial.'" Tenn. Op. Atty. Gen. No. 08-190, 2008 WL 5427512, at *1 (quoting Tenn. Code Ann. § 40-14-307).

The Attorney General opinion issued in 2008 accurately construes this statute, and the trial court erred in concluding that section 40-14-307 does not require the criminal court clerk to maintain a copy of the audio recordings of Petitioner's trial. The record on appeal establishes that Judge Sexton currently has possession of the only copy of the audio recordings. In congruence with Tennessee Code Annotated section 40-14-307, the recordings must be immediately filed with the criminal court clerk for storage. Tenn. Code Ann. § 40-14-307; AOC Court Reporter Guidelines for Judges, 5 (Jan. 2017); Tenn. R. Crim. P. 55 ("The clerks of general sessions courts and criminal courts of Tennessee shall keep such records in criminal proceedings as the law and these rules provide.").

### *The Tennessee Public Records Act*

Our inquiry does not end here, however, as Petitioner also challenges the trial court's ruling that the audio recordings are exempt from disclosure under the Act pursuant to Tennessee Supreme Court Rule 34.[9]

"For more than a century, Tennessee Courts have recognized the public's right to inspect governmental records." *Tennessean v. Metro Gov't of Nashville*, 485 S.W.3d 857,

---

[9] Appellees suggest in their brief that Petitioner does not actually make an argument regarding Rule 34 on appeal. Petitioner states in his brief, however, that "[t]he chancery court's classification of the recordings of the trial proceedings as 'deliberative notes' is in direct conflict with Tennessee Court Rules." Considering the substance of Petitioner's brief over the form, as we must, this contention is an appropriately raised challenge to the trial court's decision pursuant to Rule 34. Further, Appellees raise the trial court's exclusion of the records under Rule 34 as an issue in their brief. To the extent Appellees are arguing that this issue is waived or not properly before this Court, we disagree.

864 (Tenn. 2016). This right extends to court records. *See Doe by Doe v. Brentwood Acad., Inc.*, 578 S.W.3d 50, 53 (Tenn. Ct. App. 2018) ("The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978))); *In re NHC—Nashville Fire Litigation*, 293 S.W.3d 547, 560 (Tenn. Ct. App. 2008) ("Article I, Section 17 of the Tennessee Constitution provides explicitly that 'the courts shall be open'. . . . The openness of judicial proceedings extends to judicial records.").

The Act governs access to public records and is intended to "provid[e] a tool to hold government officials and agencies accountable to the citizens of Tennessee through oversight in government activities." *Tennessean*, 485 S.W.3d at 864; *see also Memphis Publ'g*, 87 S.W.3d at 74 ("Through its provisions, the [Act] serves a crucial role in promoting accountability in government through public oversight of governmental activities."). In light of that purpose, the Act is construed "liberally to enforce the public interest in open access to the records of state, county, and municipal governmental entities." *Memphis Publ'g*, at 74; *see also Schneider v. City of Jackson*, 226 S.W.3d 332, 340 (Tenn. 2007) ("[T]he General Assembly has directed the courts to construe broadly the Public Records Act 'so as to give the fullest possible access to public records.'" (quoting Tenn. Code Ann. § 10-7-505(d))).

Public records are "all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings, or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental entity." Tenn. Code Ann. § 10-7-503(a)(1)(A)(i). The Act also provides that

> [a]ll state, county and municipal records shall, at all times during business hours, which for public hospitals shall be during the business hours of their administrative offices, be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503(a)(2)(A). While the foregoing provision is meant "[t]o facilitate access to the records," *Tennessean*, 485 S.W.3d at 864, it is also true that "numerous statutory exceptions" to disclosure exist. *Id.* at 865.

Accordingly, the "initial test is whether [the audio recordings] were made or received pursuant to law or in connection with official governmental business." *State v. Cawood*, 134 S.W.3d 159, 165 (Tenn. 2004). This initial test is clearly satisfied here, inasmuch as the audio recordings were created per a statutory mandate during the course of a criminal trial. Further, we have already determined that the criminal court clerk, per Tennessee Code Annotated section 40-14-307, was required to store and maintain the audio

- 14 -

recordings.  There can be no doubt, then, that the audio recordings are "public records" for purposes of the Act.  As such, we start with the presumption that the audio recordings are subject to disclosure.  *See id.*; *Tennessean*, 485 S.W.3d at 864.

"The public has the right to inspect public records maintained by the courts of this State unless the record is expressly excepted from inspection under the Public Records Act."  Tenn. R. Sup. Ct. 34(1).  What must be determined is whether, notwithstanding the presumption of openness applicable to court records, there is an exception to disclosure under which the audio recordings fall.  *See* Tenn. Code Ann. § 10-7-503(a)(2)(A) (providing that public records are available for inspection by the public "unless otherwise provided by state law").

The trial court concluded that the audio recordings were exempt from disclosure under Tennessee Supreme Court Rule 34, which provides in pertinent part:

**(1) Right to Inspect Public Records**

The public has a statutory right to inspect public records maintained by government agencies. Accordingly, the public has the right to inspect public records maintained by the courts of this State unless the record is expressly excepted from inspection under the Public Records Act, *see* Tennessee Code Annotated section 10-7-504; or unless otherwise provided by state law, including this Rule and other rules of court, *see* Tennessee Code Annotated section 10-7-503(a)(2)(A). Requests to inspect public records maintained by the courts are, however, subject to reasonable requirements and restrictions intended to preserve the integrity of the record, the parties' right to the record for the purpose of preparing their papers, the courts' deliberative process, and the efficient operation of the courts in accordance with Tennessee Code Annotated section 16-3-401.

* * *

(C) The following Court Records shall be treated as confidential and shall not be open for inspection by members of the public:
* * *

> (v) Written or electronic conference records, notes, memoranda, reports, or other documents of a similar nature prepared by a judge, judicial staff, or the Administrative Office of the Courts on behalf of, or at the direction of, a court or judge. This includes written or electronic records, notes, memoranda, reports, or other documents of a similar nature created or received as a part of a court's judicial or administrative deliberative process unless intentionally filed as part of the Case Record;

- 15 -

* * *

(viii) Any other written or electronic record the disclosure of which would frustrate or interfere with the judicial function of the courts or potentially undermine the inherent constitutional powers granted the court, in addition to the powers recognized in Tennessee Code Annotated sections 16-3-501 through 16-3-504.

Applying the above provisions, the trial court found:

[T]he audio recordings requested by [Petitioner] meet both exceptions. As discussed above, the audio recordings are not official court records. Instead, they are created as part of the court's judicial deliberative process and their disclosure would frustrate or interfere with the judicial function of the court.

On appeal, Petitioner argues that the trial court erred because the decision was "in direct conflict with Tennessee Court Rules" and "Tennessee court precedents." Appellees argue that the trial court was correct and that this Court's opinion in *State ex rel. Wilson v. Gentry*, No. M2019-02201-COA-R3-CV, 2020 WL 5240388 (Tenn. Ct. App. Sept. 2, 2020), *perm. app. denied* (Tenn. December 2, 2020). is dispositive. In *Gentry*, the defendant sought audio recordings from a post-conviction hearing held on March 2, 2004. He sent public records requests to the clerk of the court where he was tried, as well as the judge who presided over his criminal trial. The judge denied the request, explaining in relevant part:

After a thorough review of [the petitioner's] request, the Court respectfully denies [the] request. A transcript of the requested hearing was generated, and that transcript is the official record of the Court. While the written transcript is certified by the official court reporter to be a true[,] accurate[,] and complete transcript of the proceeding, audio-visual recordings of proceedings in this Court cannot be certified. Rather than constituting an official record of what occurred in the proceedings in this Court, audio-visual recordings are made for the purpose of aiding the court reporter in generating the transcript. The recordings do not only contain recordings of the statements which are publicly audible, but also include records of conversations occurring at counsel's table for both the State and the Defendant, as well as comments by Judge Dozier to his staff. Under Davidson County Local Rules, no one is to have access to the audio-visual recordings of court proceedings except for "Judges, Chancellors, and full time court staff" absent written authorization from the affected Judge, and the recordings of those proceedings are to be password protected. Accordingly, these recordings are generated solely for the Court's internal use and are generally protected. Thus, for the foregoing reasons, absent

- 16 -

additional information regarding why this otherwise protected recording should be made available to the public, the Court finds that [the petitioner] is not entitled to the audio recording he has requested. Accordingly, the request must be respectfully denied.

*Id.* at *1. The petitioner then filed a writ of mandamus in the Chancery Court for Davidson County, naming both the criminal court judge and criminal court clerk. The chancery court denied the petitioner's writ and dismissed the case. On appeal, this Court determined that Rule 34 exempted the audio recordings from disclosure under the Act:

> We, like the trial court, believe that the recordings at issue were made to aid the court reporter in generating the official transcript and that the recordings constitute electronic records created as part of the court's judicial process, the disclosure of which would frustrate or interfere with the judicial function of the court. The record reflects that Petitioner was provided with a copy of the official transcript that was certified by the trial court. With the above considerations in mind, we affirm the denial of the petition and the dismissal of the suit. All other tangential issues raised by Petitioner in his brief are pretermitted as moot.

*Id.* at *4.

While we agree with Appellees that *Gentry* is somewhat factually analogous to the case at bar, we do not believe that it supports the conclusion in this case that Rule 34 requires exemption of the audio recordings from disclosure. Our conclusion is two-fold. First, the foregoing provisions of Rule 34 are inapplicable here. Second, while *Gentry* is factually analogous at first blush, there are differences in that case and the one now before us.

Turning first to Tennessee Supreme Court Rule 34(2)(C)(v), this exception to open public records applies to "conference records, notes, memoranda, reports, or other documents of a similar nature prepared by a judge, judicial staff, or the Administrative Office of the Courts on behalf of, or at the direction of, a court or judge." While Rule 34 does not define "conference records," it strains credulity that "conference" records refers to verbatim audio recordings made by a court reporter. Audio recordings are created by court reporters as mandated by statute, as opposed to "conference" notes or memoranda created by or at the behest of a trial judge. Further, while Appellees urge that the audio recordings are a part of Judge Sexton's "deliberative process," it has never been explained how this is so or what Appellees mean by "deliberative process." This argument is conclusory.

Perhaps more importantly, subsection (2)(C)(v) of Rule 34 also provides that the exemption applies to "other documents of a similar nature created or received as a part of

- 17 -

a court's judicial or administrative deliberative process **unless intentionally filed as part of the Case Record**[.]" (Emphasis added). As addressed above, Tennessee Code Annotated section 40-14-307 requires court reporters to file their verbatim recordings with the appropriate clerk to be kept as part of the clerk's file. Consequently, by its terms Rule 34(2)(C)(v) does not exclude from disclosure verbatim records filed by court reporters with the criminal court clerk.

The second provision of Rule 34 on which the trial court and Appellees rely is 34(2)(C)(viii). Having reviewed the record, however, it is not evident how disclosure of the audio recordings of his own trial to Petitioner "interfere[s] with the judicial function of the courts or potentially undermine[s] the inherent constitutional powers granted the court." Again, this argument is made without explanation or elaboration, nor is this point belabored in *Gentry*. Judge Sexton in his sworn statement expressed concern that Petitioner could alter the audio recordings. Nonetheless, the same could be said for any electronic public record subject to disclosure, and this argument is not grounded in any legal authority. The burden was on Appellees to justify the non-disclosure of the audio recordings, *see Tennessean*, 485 S.W.3d at 864, and we disagree with the trial court that the foregoing arguments satisfy that burden. This is especially so in light of the Act's liberal construction and the General Assembly's instruction to "construe broadly the [Act] 'so as to give the fullest possible access to public records.'" *Schneider*, 226 S.W.3d at 340 (quoting Tenn. Code Ann. § 10-7-505(d)).

Finally, we conclude that *Gentry* is not dispositive here. First, there are important factual differences in *Gentry* and the case at bar. For instance, in *Gentry*, the criminal court judge denied the request at issue based on a local rule of court providing that the video recordings were confidential. 2020 WL 5240388, at *1. The propriety of the local rule was not raised in *Gentry*, and no such local rule has been brought to our attention in this case. Further, the criminal court judge specifically found in his order denying the petitioner's request that the video contained sensitive material such as "records of conversations occurring at counsel's table[.]" *Id.* In this case, Judge Sexton made no such finding and in fact denies ever having received a request from Petitioner. While Appellees argued in the trial court that Petitioner might alter the audio recording, this is not a firm basis for denial of an otherwise public record inasmuch as the same could be said for nearly any public record. Nor is the criminal court clerk required to provide Petitioner with the only copy of the recordings.

To conclude, the plain language of Tennessee Supreme Court Rule 34 does not support the trial court's decision. Further, the primary case relied on by the trial court and Appellees is non-binding and unpersuasive under the circumstances.[10] As presumptively

---

[10] Appellees also argued in the trial court that Tennessee Rule of Criminal Procedure 16 exempted the audio recordings from disclosure. However, the trial court determined that this argument was moot and did not address it. That issue is thus not before us and we express no opinion on the merits of that argument.

open public records, the audio recordings are subject to disclosure unless the relevant government entity establishes "justification for nondisclosure by a preponderance of the evidence." *Tennessean*, 485 S.W.3d at 864. That burden was not met in this particular case. The trial court's decision is reversed and this case remanded for further proceedings.

## CONCLUSION

The judgment of the Chancery Court for Davidson County is reversed. This case is remanded for proceedings consistent with this opinion. Costs of this appeal are assessed to the Appellees.

_____
KRISTI M. DAVIS, JUDGE